## BLACK *vs.* HARPER.

1. Exceptions to an award which do not show that it was the result of fraud, accident or mistake, or that it is otherwise illegal, are demurrable.
2. Where the evidence before arbitrators was conflicting, an exception to the award that one of the parties procured it by false and fraudulent swearing is demurrable.
3. Where exceptions are filed they should be sustained or overruled, or an issue made up if questions of fact are involved. The court has no power to order a new trial before the arbitrators.

Arbitrament and award. Practice in the Superior Court. Fraud. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1879.

Harper and Black had a controversy about certain land. The former claimed that he had bought of the latter 240

acres at $7.50 per acre ; the latter claimed that the sale was of 200 acres at $9.00 per acre.  Harper also claimed that the land was less than it purported to be, and that he should have certain credits allowed him in settlement.  The matter was submitted to arbitration.  The evidence was conflicting.  The arbitrators, on the main issues, awarded in favor of Harper.  Black filed exceptions to the award substantially as follows :

(1). (2). (7).  Because the arbitrators made a palpable mistake of law in admitting in evidence for other purposes than to show the amount of money paid, certain receipts given by one Doster, for Black, to Harper ; and in giving undue weight to a statement in such receipts that the amount of land was 240 acres.  [Doster had authority to receive and receipt for the money ; whether he had authority to make the representation as to the number of acres, was a point in contest.]

(3).  Because said award was procured by fraud in that Harper swore falsely in regard to the main issues in the case.

(4).  Because of newly discovered evidence to show such false statements, and confirm the evidence of Black.  [This new evidence consisted in the tax books, which would show how much land Harper gave in for taxation ; and also the affidavit of one Roane to the effect that Harper had made statements to him conflicting with those in his testimony.]

(5).  Because the arbitrators made a palpable mistake of law in admitting in evidence sayings of Harper in his own favor.

(6).  Because the award passed upon issues not submitted in writing.  [The submission was of "all questions and claims between us concerning the sale of, and payments on, a certain tract of land," etc.]

(8).  Because the award is illegal in being contrary to the evidence.

Counsel for Harper demurred to the objections.  The court sustained the demurrer except as to the fourth objec-

tion.   On that ground he ordered a new trial to be had before the arbitrators.   Both parties excepted.

SAMUEL LUMPKIN, for Black.

McWHORTER BROS.; J. T. OLIVE, for Harper.

WARNER, Chief Justice.

This case came before the court below on exceptions filed to an award of arbitrators under the provision of the 4243d section of the Code.   On the hearing of the exceptions and a demurrer thereto, the court rendered the following judgment:   "An award having been made in this case and exceptions filed thereto, and counsel for defendant having filed his demurrer to said exceptions, it is ordered that the demurrer be sustained to all the exceptions except the fourth, to-wit: newly discovered evidence as supported by the affidavit of E. G. Roane, and that the case be sent back to said referees for a new trial, the same to be had anew, and that both parties have at least ten days' notice of the time and place of hearing, with leave to hear any competent evidence on the whole case."   To which judgment both parties excepted.

1. 2. There was no error in sustaining the demurrer to all the exceptions to the award except the fourth, as to the newly discovered evidence.   One of the main questions contained in the submission for the decision of the arbitrators was whether Black had sold to Harper a tract of land containing 240 acres, or whether he had sold him a tract of land containing 200 acres.   Upon that question the evidence before the arbitrators was conflicting, and there is nothing on the face of the award going to show that it was the result of accident, or mistake, nor does it appear that the award was the result of the fraud of any one, or of all the arbitrators, or parties (except as to the sworn testimony of Harper before the arbitrators, which is alleged to have been false and fraudulent), or that it is

otherwise illegal.    See Code §4243, and the cases cited in the note to that section, especiaily the case of *Anderson vs. Taylor*, 41 *Ga.*, 10.

3. In our judgment the court erred in sustaining the fourth exception on the ground of newly discovered evidence, and in ordering the case sent back for a new trial before the arbitrators.    There is nothing in the section of the Code before cited which authorizes any such proceeding. If the court overrules the exceptions to the award, then it should make the award the judgment of the court, but if it sustains any of the exceptions to the award, involving matters of fact, then the court should cause an issue to be made up thereon, which issue shall be tried by a special jury, etc. The action of the court is to be confined to the award as made, either to confirm it, or to vacate and set it aside, but not to having a new award made by ordering a new trial in the case.    We therefore reverse that part of the judgment of the court sustaining the fourth exception on the ground of newly discovered evidence and ordering a new trial, and direct that the award be made the judgment of the court.

Let the judgment of the court below be reversed, with directions as hereinbefore indicated.