In the Matter of the Arbitration between LUKE A. BURKE,
    Respondent, and HENRY CORN, Appellant.

1. ARBITRATION — WHEN AWARD ASSAILABLE.   An agreement for an
arbitration under the statute (Code Civ. Pro. ch. 17, tit. 8) is to be given
effect, in the most liberal sense, as accomplishing a complete and final
settlement of all existing controversies between the parties thereto.   The
award thereunder is unassailable upon the ground that errors of law, or
of fact, were committed.   For it to be assailable at all, a ground must be
found for charging the arbitrator with some misconduct, or with fraud,
or with having exceeded his powers; or for the charge that the award, on
its face, shows some mistake in figures, or in description, or some imper-
fection not going to the merits.

2. ARBITRATION — CODE CIVIL PROCEDURE, CHAPTER 17, TITLE 8 —
AWARD IN ARBITRATION CAN BE ATTACKED ONLY AS PRESCRIBED IN
SECTIONS 2374 AND 2375.   Where the parties to a contract, between whom
a dispute had arisen as to the amounts due thereunder, entered into an
agreement of arbitration, which agreement, after reciting the existence
of controversies over such amounts, provided " that the parties hereto do
hereby, pursuant to chapter 17, title 8, of the Code of Civil Procedure,
submit all and all manner of actions, cause and causes of actions, suits,
controversies, claims and demands whatsoever now pending and existing
by and between them" to a designated arbitrator, " to decide the same
* * *, his decision to be final," and an award is made under such
agreement, such award can be attacked only in a case prescribed in
sections 2374 and 2375 of the Code of Civil Procedure, since, under
section 2373 thereof, the court must grant an order confirming the
award unless it is vacated, modified or corrected as prescribed in those
two sections.

3. SAME — AWARD OF INTEREST ON AMOUNT FOUND DUE.   A claim
of interest is within the submission and the right to it is withdrawn from
the consideration of the court as a legal question.

*Matter of Burke*, 117 App. Div. 477, affirmed.

(Argued March 6, 1908; decided March 31, 1908.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Feb-
ruary 27, 1907, affirming a judgment in favor of the respond-
ent herein entered upon an award in arbitration.

The nature of the controversy and the facts, so far as
material, are stated in the opinion.

*George Hahn* for appellant. The court has very broad and comprehensive powers to correct and modify the award of an arbitrator. (Code Civ. Pro. § 2375 ; *Matter of Wilkins*, 169 N. Y. 494 ; *Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392.) The arbitrator, in deciding the question of interest, awarded upon a matter not within the submission, because the parties only submitted their controversy in respect to the amount and not in respect to interest. (*Dodds* v. *Hakes*, 114 N. Y. 260 ; *Cullen* v. *Shipley*, 78 App. Div. 130.).

*Frederick Hulse* for respondent. Pursuant to the provisions of the statute relative thereto, the court properly confirmed the award of the arbitrator. (Code Civ. Pro. §§ 2373, 2374, 2375.) The question of interest was before the arbitrator, because it is inherently a part of any claim made by one party against another upon a claim arising out of contract, and because it is specifically covered by the terms of the submission. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Dana* v. *Fiedler*, 12 N. Y. 50.) An award in arbitration will not be set aside for errors of law or fact. (*M. R. C. Co.* v. *Salt Co.*, 58 N. Y. 667; *Hoffman* v. *De Graff*, 109 N. Y. 638 ; *Masury* v. *Wilton*, 111 N. Y. 679 ; *Shrump* v. *Parfitt*, 84 Hun, 341; *Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392.)

GRAY, J. This appeal is taken from a judgment of the Appellate Division, which affirmed a judgment entered upon the confirmation of the award of an arbitrator. Controversies had arisen between the parties over the execution of a contract for mason work in the alteration of a certain building. The respondent herein was the contractor and the appellant was the owner of the building. Upon the completion of the work, the contractor made a claim for a balance due under his contract and for extra work. This claim the owner disputed and, himself, advanced the claim that the contractor had failed to perform his contract and that he was entitled to damages. In that situation, the two entered into an agree-

ment in writing for the arbitration of their differences; which
agreement, after reciting the existence of controversies over
the amount, if any, due to the contractor on account of work
performed, or in connection with the alterations on said
building, and over the amount, if any, due to the owner upon
his various claims, provided as follows: " that the parties
hereto do hereby pursuant to chapter 17 title 8 of the Code
of Civil Procedure submit all and all manner of actions,
cause and causes of actions, suits, controversies, claims and
demands whatsoever, now pending and existing by and
between them, as aforesaid, to the Hon. D. Cady Herrick, as
arbitrator, to decide the same with all reasonable dispatch, his
decision · to be final." Subsequently, the arbitrator made an
award, in which he found " that there is due to Luke A.
Burke, (the contractor), from Henry Corn, (the owner), on
account of the matters and things set forth in the said agree-
ment of arbitration, after making deductions and allowances
in favor of said Henry Corn from the amount claimed by
said Luke A. Burke, the sum of Forty-five thousand three
hundred eighty-seven and 18/100 dollars ($45,387.18), with
interest thereon from June 1, 1904, being the sum of Five
thousand and nine hundred and 33/100 dollars ($5,900.33),
amounting in the aggregate to the sum of Fifty-one thousand
two hundred eighty-seven and 51/100 dollars ($51,287.51)."
After the arbitrator had made his award, Corn, the owner,
paid the principal sum awarded and judgment was entered,
only, for the amount awarded for interest and unpaid. Upon
this appeal, the one question argued by the appellant relates
to the award of interest; in respect of which he claims that
it was not a matter within the submission.

That question is no longer open for review. When parties
have agreed for the arbitration of their differences, pursuant to
the provisions of the Code of Civil Procedure, and an application
is made to the court for an order confirming the award, sec-
tion 2373 provides that the court must grant such an order,
unless the award is vacated, modified, or corrected, as pre-
scribed in the next two sections. Section 2374 does not

apply; inasmuch as the application here was for a modification of the award as to the interest sum.   Section 2375 provides that the court may modify, or correct, the award upon application, "so as to effect the intent thereof, and promote justice between the parties", in cases of evident miscalculations, or of mistakes; or " where the arbitrators have awarded upon a matter not submitted to them, not affecting the merits of the decision upon the matters submitted"; or "where the award is imperfect in a matter of form, not affecting the merits of the controversy" etc.   The only one of these provisions, which is applicable, is that which relates to a case where the arbitrator has awarded upon a matter not submitted.

The proposition of the appellant that interest could not be a part of respondent's claim is untenable.   The demand for interest, ordinarily, inheres in a claim for moneys due upon a contract and withheld by the debtor, as a compensation for the detention.   When it is legally demandable and recoverable is another question.   As a matter of fact, it appears from the record that, in an action commenced upon the same contract prior to the agreement for arbitration, interest was demanded; so that it cannot be, reasonably, pretended that it was importing any new element of claim into the submitted controversy. But the broadness of the submission to the arbitrator's decision is such as, necessarily, to comprehend every claim and demand and it is sufficient to say that interest was a possible claim on the part of the respondent.   Being so comprehended, the legal question of the right to interest is withdrawn from the consideration of the court.

Such an agreement for arbitration is to be given effect, in the most liberal sense, as accomplishing a complete and final settlement of all existing controversies.   The award thereunder is unassailable upon the ground that errors of law, or of fact, were committed.   For it to be assailable at all, a ground must be found for charging the arbitrator with some misconduct, or with fraud, or with having exceeded his powers; or for the charge that the award, on its face, shows some mistake in figures, or in description, or some imperfection not

going to the merits. (See *Perkins* v. *Giles,* 50 N. Y. 228; *Masury* v. *Whiton,* 111 id. 679; Code Civ. Pro. secs. 2374, 2375.)

I am of the opinion that the appellant's application furnished no ground for the interference by the court with the award. The arbitrator did · not exceed his powers and the award was well within the terms of the submission.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.