### STANDARD FASHION CO. v. THOMPSON et al.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—MOTION.

A motion for judgment on the pleadings, under Code Civ. Proc. § 547, providing that where either party is entitled to judgment on the pleadings the court may on motion, at any time after issue joined, give judgment accordingly, must be determined solely by the pleadings, and cannot be aided by affidavits or testimony.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1073; Dec. Dig. § 350.*]

2. JUDGMENT (§ 407*)—VACATING JUDGMENT—EQUITABLE RELIEF.

A defendant against whom a judgment for personal injuries had been rendered, after trial on issues of fact, has an adequate remedy at law by motion for new trial, based on the ground that the judgment was obtained by perjury, pursuant to a conspiracy, and cannot sue in equity to vacate the judgment on the ground that he had no knowledge of the falsity of the testimony until after the trial, where by proper diligence that fact could have been learned before the trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 770; Dec. Dig. § 407.*]

3. JUDGMENT (§ 456*)—VACATING JUDGMENT—EQUITABLE RELIEF.

One seeking in equity to vacate a judgment at law against him as procured on perjured testimony must show his freedom from any laches or neglect, and his neglect while the action at law was pending bars relief in equity.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 456.*]

4. JUDGMENT (§ 407*)—VACATING JUDGMENT—EQUITABLE RELIEF.

Where a motion for a new trial on the ground that the judgment was obtained on perjured testimony was denied because the newly discovered evidence could have been discovered by the movant before the trial if proper care had been taken, the movant could not thereafter sue in equity to vacate the judgment on the same ground.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 407.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Special Term, New York County.

Action by the Standard Fashion Company against Cora D. Thompson and others. From an order made on the pleadings dismissing the complaint and from a judgment entered thereon, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and McLAUGHLIN, JJ.

Noble, Jackson & Hubbard (Hartwell P. Heath, of counsel), for appellant.

Henry Greenberg, for respondents.

CLARKE, J. The complaint alleges: That the defendant Pasternak is a physician, and the defendant Greenberg an attorney. That prior to March 24, 1905, the defendants conspired together for the purpose of obtaining a judgment against this plaintiff by instituting an action to recover damages for alleged injuries, in which the defendant Thompson agreed to act as plaintiff, defendant Pasternak to falsely represent himself as being the physician who attended and treated her for her alleged injuries, and the defendant Greenberg promised to act as attorney; and pursuant to said general conspiracy the defendants conspired to make a false and perjurious complaint and maliciously prosecute an action against the plaintiff, to introduce false and perjured testimony, and agreed if any recovery was secured to divide the amount thereof among themselves, 10 per cent. to Pasternak for his testimony, 45 per cent. to the defendant Thompson, and 45 per cent. to the defendant Greenberg, who was to pay all the expenses incident to the trial. On or about May 24, 1905, pursuant to said general conspiracy, an action was brought by the defendant Thompson against the Standard Fashion Company as defendant. That the claim in the complaint was that she had been injured by the falling of a portion of a sign through the negligence of the defendant, Standard Fashion Company, that said injuries were of a serious and permanent character, and that she had been thereby damaged in the sum of $10,000. That such claim was wholly false and fictitious, and the said defendant Thompson was never injured or caused any damage through the negligence of the Standard Fashion Company. That prior to the trial the defendants held conferences at which they prepared the false testimony which it was agreed between them was to be given upon the trial. That upon the trial a fraud was practiced upon the court and upon the Standard Fashion Company by the defendants, in that the defendants Thompson and Pasternak appeared as witnesses in behalf of the plaintiff, and, having been duly sworn as such witnesses, swore falsely to facts which were material to plaintiff's case.

There are then set forth some 16 folios of evidence given upon the said trial alleged to have been false. It is further alleged: That by reason of this false swearing and willful and corrupt perjury of the defendants Thompson and Pasternak presented by the defendant Greenberg, pursuant to this general conspiracy, defendant, as plaintiff, procured a verdict against this plaintiff for $7,500, upon which

a judgment was entered on February 5, 1908, for $7,639.10. That thereafter on March 3, 1908, the Standard Fashion Company appealed to the Appellate Division, which court, on November 6, 1908, handed down a decision reversing the judgment and directing a new trial, unless plaintiff in said action stipulated to reduce said verdict to $5,-500, and, if said Thompson did so stipulate to reduce the verdict, the judgment should be affirmed without costs. That she did so stipulate, and an order was thereupon, on November 30, 1908, entered in said Appellate Division affirming the said judgment in the sum of $5,892.85, and thereafter on July 17, 1909, a like order was entered in the office of the clerk of the county of New York in said action. That the plaintiff had no knowledge of the falsity of the testimony hereinbefore referred to until long after the said trial and no reason to believe, prior to the said trial, that such false testimony would be adduced upon such trial. After said trial plaintiff discovered that the evidence adduced by the defendant Thompson as plaintiff, and the defendant Pasternak as her alleged attending physician, and presented by the defendant Greenberg as attorney, was false and discovered new evidence bearing upon the material issues in said action. That in said case of Thompson v. Standard Fashion Company leave to appeal to the Court of Appeals has been refused to the plaintiff, and plaintiff has exhausted all its remedies at law and is remediless except in equity. That the defendants are pecuniarily irresponsible; and, if the defendant Thompson should collect the amount due upon the said judgment, the plaintiff would suffer irreparable damage and be without adequate remdy at law. That by reason of the acts of the defendants, pursuant to the said general conspiracy, and as a part thereof, the plaintiff has been damaged in the sum of $10,-000. Wherefore plaintiff demands judgment that the said judgment in said action, wherein Thompson was plaintiff, against this plaintiff, as defendant, be vacated and set aside; that the defendant Thompson be perpetually enjoined and restrained from issuing execution upon the said judgment; that the plaintiff recover against the defendants, and each of them, the sum of $10,000.

The summons in the action at bar is dated October 26, 1909. Annexed to the complaint is a copy of the complaint in the action at law by which it appears that the injury complained of, for which damages were sought, is alleged to have occurred in the month of February, 1903.

The three defendants answered separately, each denying the allegations charging the conspiracy, perjury, and subornation of perjury alleged in the complaint.

The defendants made a motion, by way of order to show cause, for judgment upon the pleadings. That order to show cause was granted upon an affidavit which set up the history of this litigation, and to it was attached the opinion of Mr. Justice Giegerich in denying the motion for a new trial, and the affidavit of an officer of the plaintiff in support of the application for an injunction pendente lite asked for in the complaint at bar. The learned court granted the motion for judgment upon the pleadings, and judgment was entered dismissing the complaint, and from said order and judgment this appeal is taken.

Section 547 of the Code of Civil Procedure provides that:

"If either party is entitled to judgment upon the pleadings, the court may, upon motion, at any time after issue joined, give judgment accordingly."

We said, in Ship v. Fridenburg, 132 App. Div. 782, 117 N. Y. Supp. 599:

"This motion is based upon, and to be determined solely by, the pleadings, and cannot in any way be aided by affidavits or testimony."

Applying that rule, it appears from the pleadings that on March 24, 1905, Miss Thompson verified a complaint in an action against the Standard Fashion Company, in which she alleged that in February, 1905, while on Fourteenth street, underneath a sign maintained by the defendant for the purposes of its business, a large letter which was not properly fastened to said sign, through defendant's negligence, fell and struck plaintiff's spine; that she was severely injured internally and externally, was for a time rendered unconscious, her nervous system sustained a severe shock and injury, which injuries she proceeded to set out in detail and at length. It appears that issue was joined, and that a verdict was returned in her favor and judgment entered on February 5, 1908, so that between the time of the service of the complaint and the date of the judgment the Standard Fashion Company had very nearly three years in which to investigate the claim of the plaintiff that she had been injured by its negligence and for preparation for trial.

The issue presented in said action depended upon the following facts: First, that the company maintained a business sign upon which were large letters; second, that by its negligence one of those letters became loose and fell to the public street; third, that in its fall it struck the plaintiff; fourth, in consequence thereof she was injured; and, fifth, the character of such injuries. The company now alleges that Miss Thompson testified falsely that she had been struck by what she believed to be a portion of the sign of the Standard Fashion Company, and that the testimony as to her injuries were false; in other words, that she had not been struck by a letter falling from its sign, and that she had suffered no injuries in consequence. These were the very facts in issue upon the prior trial, there denied by the company, and resolved by the jury in her favor.

No equitable cause of action is set up in this complaint. A complete remedy is furnished at law by a motion for a new trial.

In Smith v. Lowry, 1 Johns. Ch. 320, an action in equity to enjoin the execution of a judgment, it was alleged in the bill that an application had been made for a new trial on the affidavits of seven witnesses that the price of salt, which was a material question in the action at law, was a certain sum at a particular time; that the Supreme Court had refused to grant a new trial merely to enable the parties to diminish the damages; but that since the trial the plaintiffs had discovered that the witnesses produced by the present defendant at the former trial were procured by subornation and corruption. Chancellor Kent said:

"This is not a case in which the court can interfere with. the verdict and judgment at law. * * * The only new ground of equity set up is that, since the application for the new trial, he has discovered that the testimony of the witness, who proved upon the trial the price of salt at Portland, was procured by subornation and perjury, and that his testimony was founded upon a fictitious sale, contrived for the occasion. But the general rule at law is that a new trial is not to be granted to give the party an opportunity to impeach the credit and integrity of a witness. Duryee v. Dennison, 5 Johns. 248. This case resolves itself into a mere question of excess of damages, arising from the want, as the bill expresses it, 'of due preparation' when the plaintiff went to trial. The fraud alleged in procuring the testimony of the witness would have been sufficiently repelled and defeated by the testimony of the witnesses since procured. * * * The case of relief in equity, against judgments at law founded in fraud, are when the fraud goes to the whole judgment, and not to the mere excess of damages in a case properly sounding in damages, and when the fraud could not have been met and defeated at the trial. It would be setting a precedent most inconvenient to the public, for his court to interfere in a case like this, of the alleged perjury of a witness on a question as to the amount of damages, and to provide for a new trial when an application for a new trial has already been denied at law, and when courts of law exercise a most liberal and equitable discretion on the subject of new trials, and when the injury complained of is, in a great degree, to be imputed to the party's own want of preparation."

In Ross v. Wood, 8 Hun, 185, affirmed 70 N. Y. 8, Davis, P. J., said:

"The question on this demurrer is whether the issues tried in a former suit, commenced by Sarah Wood against the present appellant, can be retried in this action upon allegations that the then plaintiff, Sarah Wood, and her witnesses named in the complaint in this action, conspired together to commit and did commit perjury, on the former trial, by means of which a verdict and judgment in that action were obtained in her favor. The issue in the former action was tried before the court and a jury in due form, and contested by the appellant; and no fraud is alleged to have been practiced upon that tribunal in any of the proceedings in the action or in obtaining the verdict and judgment, other than is contained in the allegation that the witnesses named in the complaint testified corruptly and falsely on the material issues. If this action can be maintained to retry the issue upon such allegations, there can be, of course, no end to litigation. * * * The remedy of plaintiff must be sought by direct proceedings in the former action and not by a collateral suit in another court, in which the issue tendered is the perjury of witnesses on the trial of such former action."

In Woodruff v. Johnston, 19 N. Y. Supp. 861, it was said:

"It is settled law (with few exceptions, which do not apply here) that false testimony given by a party to an action at law is no ground for equitable relief in chancery."

In Smith v. Nelson, 62 N. Y. 288, Judge Andrews said:

"The jurisdiction of one court to vacate, in an independent proceeding, the judgment of another having power to render it, is, in its nature, so extraordinary as to demand a close adherence to principles and precedents in exercising it. Courts do not exercise it when there has been negligence on the part of the party seeking the relief. That a judgment is final and conclusive of the right or thing which is adjudicated by it is the rule, and judgments and decrees of a competent court will not be annulled for a suspicion of fraud, or because the party complaining may, in fact, have been unjustly cast in judgment."

In Mayor v. Brady, 115 N. Y. 599, 22 N. E. 237, it was said:
"The character of the fraud which will authorize one court, in a collateral proceeding, to revise the judgments of another, has been frequently held to be

a fraud practiced in the procurement or concoction of the judgment itself, by which the defendant was prevented from availing himself of his defense."

After citing United States v. Throckmorton, 98 U. S. 68, 25 L. Ed. 93, the court proceeded:

"It was there said that the doctrine was well settled that the court would not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. Ignorance of the facts constituting the defense does not excuse the omission of the party to make it, nor entitle him to the aid of equity, unless it can be shown that he could not have acquired the information by diligent and careful labor in preparing the cause for trial. The rule is inflexible that a party seeking the aid of a court of equity must show diligence, and that the obstacles which prevented him from maintaining his legal rights could not have been overcome or avoided by any reasonable care or diligence on his part."

On the face of the complaint, therefore, we are of opinion that the order and judgment appealed from were right. We are also advised by our own records, not only that the original judgment in Thompson v. Standard Fashion Company was appealed to and affirmed by this court (128 App. Div. 926, 112 N. Y. Supp. 1148), but that subsequently a motion for a new trial was made upon the precise matters set forth in the complaint at bar, and that the motion was denied by the Special Term, and the order entered thereon affirmed by this court. The Special Term, upon that motion, said, among other things:

"So far as this motion for a new trial is based upon the theory of newly discovered evidence, an insuperable objection to it is found in the fact that the evidence now brought forward could and would have been found before the trial if proper care had been taken. It is claimed that the defendant was not able to learn, by inquiry, that the plaintiff had suffered serious injury, and that for this reason less preparation was made for defending the action. There seems to have been no good reason why the defendant should have supposed the injuries were slight. The complaint stated their serious and permanent character in plain terms, and the damages demanded were $10,000. An application for a bill of particulars and an examination of the plaintiff before trial would have afforded the defendant most of the material evidence it now relies upon and would have afforded a clue to the rest, had pains been taken to follow up such a clue."

In all the authorities considering the question of when an equitable action will lie to prevent the enforcement of a judgment at law, it is stated as a fundamental proposition that the plaintiff must not have been guilty of any laches, neglect, or delay. It appears in this case that, while the plaintiff has been exceedingly industrious since the judgment was entered against it, it was guilty of that neglect during the years that the action at law was pending which constitutes a fatal obstacle to this equitable action. Extraordinary activity after the event is no substitute for ordinary care prior thereto.

It further appears from our records that the plaintiff instituted a prior action for the same purpose as that at bar, wherein the complaint, if not identical, was substantially the same as that now presented, that a motion therein made by the defendants for judgment upon the pleadings was granted, and upon appeal to this court was affirmed. There must be some end to litigation.

The order and judgment appealed from should be affirmed, with costs and disbursements to the respondents. All concur.