In the Matter of the Arbitration between MICHAEL J. PRIORE, Respondent, and ARTHUR F. SCHERMERHORN, Appellant.

Second Department, January 25, 1923.

Arbitration — agreement between owner and contractor to submit dispute as to matters of payment to arbitration — arbitrators could consider claim made by owner for defective work or overcharge — specification of certain subjects of arbitration did not exclude others — disallowance by Special Term of items for defective work and overcharge was improper — allowance of damages for delay not supported by evidence.

The plain meaning of an agreement between an owner and a contractor for arbitration was that, in case of disagreement between them in relation to matters of payment, the dispute should be referred to arbitrators, and under that agreement it was proper for the arbitrators to take under consideration the claim by the owner against the contractor for defective material and for overcharges made.

The fact that certain subjects were specifically mentioned in the agreement as matters to be submitted does not justify the conclusion that all others were intended to be excluded, but the contract should receive a reasonable construction with a view to accomplish the purpose obviously intended by the parties, which was to submit all matters of dispute to arbitration.

It was error, therefore, for the trial court to disallow an item in favor of the owner for defective material and workmanship and an item for overcharge, on the ground that both items were outside the matters submitted to the arbitrators.

The item allowed to the owner as damages for delay in the completion of the contract was properly disallowed by the Special Term, since there was no evidence justifying the award of damages for delay.

APPEAL by Arthur F. Schermerhorn from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Westchester on the 13th day of May, 1922, upon an award made by arbitrators, as modified by the court, and also from an order entered in said clerk's office on the 11th day of May, 1922, denying in part appellant's motion to confirm said award and granting respondent's motion to modify the same.

*George H. Porter* [*George W. Burleigh* with him on the brief], for the appellant.

*Arleigh Pelham,* for the respondent.

KELLY, P. J.:

The record on this appeal is not in very satisfactory shape. There was no formal submission of the matter to arbitration as provided in the former Code of Civil Procedure (§ 2366),* made applicable by the Arbitration Law (§ 8), but the parties, owner and contractor, respectively, appointed the arbitrators who in turn selected the umpire, and the arbitration proceeded based upon the provisions of article XII of the contract. The plain meaning of that instrument is that in case of disagreement between the owner and contractor in relation to matters of payment the dispute should be referred to arbitrators. The matters of payment referred to are naturally the payments due from the owner to the contractor, and that was the matter which was submitted to the arbitrators. The contractor had commenced an action against the owner to recover damages for breach of the contract, and while the pleadings in that action are not printed, it is evident from the opening statement of the counsel for the contractor to the arbitrators, " The complaint, of course, as Mr. Porter suggested, is a statement of the claim," that the entire demand of the contractor was submitted. If the owner had any defense or counterclaim against the contractor for defective work or for overcharge under the provision for ten per cent profit, this was the time and place to present it. The suggestion that the arbitrators should take up a part only of the dispute and leave the parties to a lawsuit over the balance, is opposed to the obvious intention of the parties evidenced in the contract and to the very principle of arbitration. It was to avoid litigation that arbitration was agreed upon. It is true as claimed by appellant that arbitrators must not go beyond the limit of the questions submitted to them, and that parties must not be deprived of their constitutional rights to redress in the courts in the absence of agreement to forego such rights (*Dodds* v. *Hakes*, 114 N. Y. 260; *Matter of General Silk Importing Co., Inc.*, 200 App. Div. 786; affd., 234 N. Y. 513), but in the case at bar the parties agreed to submit the dispute as to the amount due to arbitration. The fact that certain subjects were specifically mentioned as matters to be submitted does not justify the conclusion that all others were intended to be excluded. The contract should receive a reasonable construction with a view to accomplish the purpose obviously intended by the parties. (*Locke* v. *Filley*, 14 Hun, 139.) Such an agreement for arbitration is to be given effect, in the most liberal sense, as accomplishing a complete and final settlement of all existing controversies. (*Matter of*

* Now Civ. Prac. Act, § 1448, in part, and § 1449, as renumbered by Laws of 1921, chap. 199. — [REP.

*Burke,* 191 N. Y. 437; *Matter of Wilkins,* 169 id. 494; *Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 id. 392.) The contractor in this case agreed to furnish " good materials and workmanship." The owner claimed that there was defective material and workmanship to the extent of $4,012.50, and the arbitrators sustained his contention and made an allowance to the owner. The owner claimed that the contractor had included in his demand ten per cent profit on this defective work as well as upon work concededly omitted, and the arbitrators found this to be the fact and allowed the owner $1,163.92, the percentage of profit on these items. The learned judge at Special Term has disallowed these two allowances as outside the matters submitted to the arbitrators. I think he was wrong in this and he was probably misled by the omission of a comma in the copy of the article providing for arbitration marked in evidence, an omission repeated in the printed papers and in the respondent's points but corrected by counsel for the contractor upon examination of the original contract. Article XII of the contract as printed and as stated in respondent's points reads: " In case the Owner and Contractor fail to agree in relation to matters of payment allowance  or loss referred to in Arts. III or VIII of this contract, or should either of them dissent from the decision of the Architect referred to in Art. VII of this contract, * 　 * 　 * 　. then the matter shall be referred to a Board of Arbitration," etc. The learned counsel for the contractor agrees that in the original contract there is a comma after the word " payment." The arbitrators held that they had a right to determine the question of the amount due from owner to contractor. The arbitrators allowed to the owner $2,100 damages for delay in completion, and the learned judge at Special Term disallowed this item. I think he was right. There is not a word of evidence in the record justifying the award of damages for delay. Counsel for appellant says that there was evidence of loss of rental before the arbitrators which has been " inadvertently omitted from the excerpts from the arbitrators' minutes in the case on appeal." The omission of the comma in the copy of the contract may have been inadvertent but it has been remedied. The contractor does not agree that there was evidence of loss of rental, and we are bound by the record.

The order appealed from should be modified in so far as it disallows the award of the arbitrators of the sum of $4,012.50 credited to the owner appellant in paragraph 12th of the award, and the sum of $1,163.92 in paragraph 13th of said award, which sums aggregating $5,176.42 should be allowed to the owner appellant as awarded by the arbitrators. The item $2,100 allowed to the owner appellant in paragraph 14th of the award should be disallowed and the order as

thus modified should be affirmed, without costs. The judgment should be modified accordingly and as so modified should be affirmed, without costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Order and judgment modified in accordance with opinion, and as so modified unanimously affirmed, without costs. Settle order upon notice.