Morris A. Jacobowitz and Others, Appellants, *v.* Charles J. Herson, Defendant, Impleaded with Sander Metselaar, Respondent.

First Department, January 25, 1935.

*Harry Kwestel*, for the appellants.

*Charles J. Herson*, for the respondent.

O'Malley, J. The questions presented are whether (1) the counterclaim alleged in the amended answer, also pleaded as a second and separate defense, is sufficient; and (2) if so, has it been properly interposed.

Plaintiffs' action is predicated on a written agreement between them and the defendant, respondent, Metselaar. This acknowledged the indebtedness of the plaintiff Leon Spilky to said defendant in the sum of $11,480 and left a dispute between the parties as to a further sum of $3,300, to be settled by arbitration.

The complaint sets up the written agreement in full. It provides that Leon Spilky claims to have advanced $3,300 to the Spring Valley Butter and Egg Company; that the same has not been repaid and that this claim is to be arbitrated; that pending the decision of the arbitrators the defendant, respondent, was to leave with the defendant Herson, an attorney, promissory notes in escrow for the sum of $3,300. These notes were to be given out of the last number furnished by the plaintiff Leon Spilky, made by him and indorsed by plaintiff Jacobowitz, to the defendant in settlement of Spilky's acknowledged indebtedness. The agreement further provided that if the arbitrator should uphold the claim of the plaintiff Leon Spilky, then Herson was authorized to return the promissory notes held in escrow to him.

Simultaneously with the delivery of these notes, the plaintiff Leon Spilky was to issue two promissory notes totaling $550 to the defendant, respondent, to further secure the indebtedness owing to him. The plaintiff Philip Spilky was to give defendant, respondent, a certain bond and mortgage which should be payable on demand and which could be foreclosed upon the default of the plaintiffs Leon Spilky and Jacobowitz in failing to pay any of the notes given to defendant, respondent, for his acknowledged claim.

The complaint then alleges that pursuant to arbitration proceedings duly had, an award was made upholding the claim of the plaintiff Leon Spilky with respect to the $3,300 and the plaintiff Leon Spilky was held entitled to the return of the promissory notes in the sum of $3,300 deposited with the defendant Herson, and was directed to issue two notes to the defendant, respondent, in the sum of $550 in accordance with the contract. This award was confirmed by the court and judgment entered thereon.

It is alleged further that the plaintiff Leon Spilky thereafter executed the two promissory notes aggregating $550 and delivered the same to the defendant Herson as attorney for the defendant, respondent; that plaintiffs have entirely performed the agreement on their part; that defendants have failed so to do, though demand has been made upon them.

Relief is prayed adjudging Leon Spilky entitled to the immediate return of the promissory notes aggregating $3,300; that the plaintiff Jacobowitz is entitled to the relief in addition to the immediate cancellation of his indorsements; that the plaintiff Philip J. Spilky is entitled to the return of the bond and mortgage and that the notes in the sum of $3,300 and the said bond and mortgage are unlawfully withheld by the defendants.

The amended answer in addition to the denials raising general issues, also pleads the agreement annexed to the complaint. It is

further to the effect that the defendant, respondent, had entered into a joint venture with the plaintiff Leon Spilky, whereby the said plaintiff was to loan the moneys of the joint venture to his customers and that all arrangements for such loans and payment thereof were made by him; that prior to the date of the agreement the defendant, respondent, had advanced to the plaintiff Leon Spilky the amount of $3,300 for the purpose of making these loans; that the said plaintiff had claimed he had loaned said money, together with $2,200 of his own to Harry Hackel, Henry L. Hackel and one Charles L. Schreiber, doing business as Spring Valley Butter and Egg Company, and that said loan had not been repaid.

The defense and counterclaim likewise pleads the arbitration proceedings. With respect to these, the defendant, respondent, contended he had no knowledge as to whether the loans or any part thereof had been made, or if made, whether they had been repaid; that at the proceedings the plaintiff Leon Spilky, together with the said Schreiber, conspired to procure and induce by fraud, deceit and intentional misstatement an award in favor of the said Leon Spilky, and in furtherance thereof they testified under oath before the arbitrators that the said aggregate sum of $5,500 had been loaned and had not been repaid in any part; that this testimony was false and was so known by the plaintiff Leon Spilky and the said Schreiber and that they fraudulently concealed from the defendant, respondent, and the arbitrators that the loan had in fact been repaid.

It is then set forth that the defendant, respondent, believing in this testimony, instituted suit against the said Spring Valley Butter and Egg Company to recover the sum of $5,500, but that the three partners appeared and served separate verified answers setting up payment; that it was not until such time that the defendant, respondent, discovered the fraud and conspiracy and that he has been seriously damaged in that the $3,300 aggregate notes held in escrow were and still are worth the said sum, with interest, whereas, the two promissory notes given by the plaintiff Leon Spilky pursuant to the award and judgment of the court are worthless.

After alleging that the defendant, respondent, has no adequate remedy at law, he prays for a dismissal of the complaint and for an affirmative judgment setting aside the award of the arbitrators dated September 19, 1933, and all proceedings had before them, together with the order of confirmation dated December 18, 1933, and the judgment entered thereon, and for a further direction referring the entire matter *de novo* to arbitration.

The counterclaim pleaded sets forth a good cause of action. Giving it every fair intendment to which it is entitled, it discloses

that the award of the arbitrators and the judgment of this court entered thereon were gained through a fraudulent conspiracy against the defendant, respondent, upon perjured testimony. It was, therefore, not only a fraud upon the defendant, respondent, but upon the arbitrators and the court itself. The power of the court to vacate, set aside or modify even final orders or judgments in the interest of substantial justice, is well recognized and is not dependent upon any express statutory provision, but inherent in the court itself. (*Flanson Realty Corp.* v. *Workers' Unity House, Inc.*, 229 App. Div. 179, 183.) The counterclaim, therefore, is clearly sufficient as seeking the vacating, in the interests of substantial justice, of a judgment secured by fraud. Particularly is this so, when, as here contended by the plaintiffs, the award could not be vacated under section 1457 of the Civil Practice Act. (*Matter of Burke*, 191 N. Y. 437, 440, 441; *Moore* v. *Eadie*, 245 id. 166, 171.) The defendant, respondent's remedy was, therefore, by way of action. (*Matter of Fenster*, 234 App. Div. 868.)

The counterclaim, moreover, was properly interposed. Plaintiffs' cause of action is directly predicated upon the award of the arbitrators and the judgment of the court confirming it as affecting the contract of settlement. The counterclaim arises out of the same transaction — the arbitration proceedings — and is directly connected therewith. It tends, moreover, to defeat or diminish plaintiffs' cause of action, since if it is upheld it will entirely destroy said cause. Its interposition was, therefore, proper. (Civ. Prac. Act, § 266.)

It follows, therefore, that the order appealed from should be affirmed, with twenty dollars costs and disbursements, with leave to the plaintiffs to reply within twenty days after service of order upon payment of said costs.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements, with leave to the plaintiffs to reply within twenty days from service of order upon payment of said costs.