MORRIS A. JACOBOWITZ et al., Appellants, v. CHARLES J. HERSON, Defendant, and SANDER METSELAAR, Respondent.

(Submitted May 22, 1935; decided July 11, 1935.)

*Harry Kwestel* for appellants. The counterclaim, also pleaded as the second defense in defendant-respondent's amended answer, does not state facts sufficient to constitute a cause of action. (*Matter of Burke,* 191 N. Y. 437; *Moore* v. *Eadie,* 245 N. Y. 166.)

*Charles J. Herson* and *Harry K. Ebenstein* for respondent. The counterclaim as pleaded sets forth a good cause of action. (*Flanson Realty Corp.* v. *Workers' Unity House, Inc.,* 229 App. Div. 179; *Matter of Burke,* 191 N. Y. 437; *Moore* v. *Eadie,* 245 N. Y. 166; *Matter of Fenster,* 234 App. Div. 868.) The counterclaim was properly interposed in this action. (*Heyward* v. *Maynard,* 119 App. Div. 66.)

CRANE, Ch. J. On the 4th day of April, 1930, the plaintiff and defendant entered into a written agreement to submit to arbitration a claim regarding an advance made to the Spring Valley Butter and Egg Company of $3,300, the arbitration to be before the Arbitration Society of New York. Pending the decision of the arbitrators the defendant was to leave with Charles J. Herson, an attorney at law, in escrow certain promissory notes for the said sum of $3,300 which were to be returned to Leon Spilky, one of the plaintiffs, if the decision was in his favor.

Thereafter, and pursuant to the terms of said agreement, the matters therein referred to were submitted

for arbitration to the American Arbitration Association, which, after the taking of testimony and other evidence on behalf of each of the parties, made an award upholding and sustaining the claim of Leon Spilky, and disallowing the claim of the defendant Metselaar, the decision reading as follows:

" The claim of Leon Spilky is sustained and the claim of Sander Metselaar is disallowed.

" Therefore, under the terms of the contract dated April 4th, 1930, Exhibit 1 in these proceedings, Leon Spilky is entitled to the return of the promissory notes in the sum of $3,300.00 deposited with Charles J. Herson, attorney at law, and said Leon Spilky shall issue two notes to Sander Metselaar amounting to $550.00, in accordance with said contract."

This award was duly confirmed by order of the Supreme Court, and judgment thereon entered in the office of the clerk of the county of New York.

These three plaintiffs, because of interests unnecessary to recite, immediately became entitled to the return of these promissory notes, and this action has been brought to obtain possession thereof. The complaint sets forth these facts and annexes a copy of the arbitration agreement made between the defendant Metselaar and the three plaintiffs.

The answer of the defendant Metselaar sets up as an affirmative defense that at said arbitration hearing the plaintiff Leon Spilky testified falsely and perjuriously and in corroboration thereof produced one Charles L. Schreiber as a witness, who also testified falsely; that pursuant to said perjurious testimony the arbitrators decided in favor of said plaintiff, Leon Spilky. The same matter is set up in the way of a counterclaim asking for affirmative relief setting aside the award in arbitration and all proceedings thereunder. The plaintiffs have moved to strike out this defense and counterclaim as insufficient at law. The motion was denied and the

order affirmed by the Appellate Division, which, however, certified the following questions in allowing appeal to this court:

" 1. Does the counterclaim alleged in the amended answer of the defendant, Sander Metselaar, also pleaded as a second and separate defense, state facts sufficient to constitute a cause of action?

" 2. Was the same properly interposed in the action?"

We answer " No " to these questions for the following reasons:

Article 84 of the Civil Practice Act provides the procedure in matters of arbitration, all of which was followed in this case. Section 1456 reads: " At any time within one year after the award is made, as prescribed in the last section, any party to the submission may apply to the court specified in the submission for an order confirming the award; and thereupon the court must grant such an order unless the award is vacated, modified or corrected, as prescribed in the next two sections."

Section 1457 specifies that the award may be vacated: " 1. Where the award was procured by corruption, fraud or other undue means." If the award be confirmed, sections 1461 and 1462 provide for the entry of judgment thereon and what shall constitute the judgment roll. " The judgment may be docketed as if it was rendered in an action." (§ 1462.) An appeal may be taken from a judgment entered upon an award, as from an order or judgment in an action. (§ 1464.)

The authorities are uniform in holding that an action in equity will not lie to set aside a judgment in an action for intrinsic fraud, that is, for perjury or false swearing on the trial. Pomeroy states in his Equity Jurisprudence (Vol. V, § 2077, p. 4683) the rule as follows: " The courts hold that perjury is intrinsic fraud and that therefore it is not ground for equitable relief against a judgment resulting from it. We have seen that the fraud which warrants equity in interfering with such a solemn thing

as a judgment must be fraud in obtaining the judgment, and must be such as prevents the losing party from having an adversary trial of the issue. Perjury is a fraud in obtaining the judgment, but it does not prevent an adversary trial. * * * However, public policy seems to demand that there be an end to litigation. If perjury were accepted as a ground for relief, litigation might be endless; the same issues would have to be tried repeatedly."

This State is committed to the rule that the perjured testimony of the successful party or his witnesses at the trial, even where the false testimony was procured by a conspiracy, is not sufficient ground for vacating a domestic judgment or enjoining its enforcement. (*Ross* v. *Wood*, 70 N. Y. 8; *Gitler* v. *Russian Co.*, 124 App. Div. 273; *Standard Fashion Co.* v. *Thompson*, 137 App. Div. 588; *Crouse* v. *McVickar*, 207 N. Y. 213.) As before stated, the weight of authority in this country is to the same effect. (Freeman on the Law of Judgments [Vols. 1 and 3, 5th ed.], §§ 235, 1241, 1242.) (See, also, *Metcalf* v. *Gilmore*, 59 N. H. 417; *Mahoney* v. *State Ins. Co.*, 133 Iowa, 570; *Riley* v. *Murray*, 8 Ind. 354; *El Capitan Land & Cattle Co.* v. *Lees*, 13 N. M. 407.)

Does a different rule apply to a judgment entered upon an award? On this question the authorities are divided. Cases like *Chambers* v. *Crook* (42 Ala. 171); *Johnson* v. *Wells* (72 Fla. 290); *Craft* v. *Thompson* (51 N. H. 536); *Fire Association* v. *Allesina* (49 Oreg. 316), and *Beam* v. *Macomber* (33 Mich. 127) seem to hold that equity will set aside an award and enjoin its enforcement where it was based on false evidence. However, the Alabama case seems to apply the same rule to judgments in actions, and the Oregon case said that an award is not entitled to that degree of respect accorded to a judgment or decree regularly rendered. How these courts might have decided upon a judgment regularly entered on an award under a statute similar to our Civil Practice Act

is uncertain. Other States take the contrary view, such as *French* v. *Raymond* (82 Vt. 156); *Black* v. *Harper* (63 Ga. 752). The Supreme Court of Vermont in the *French* case held that the only fraudulent acts for which a court of equity will set aside a judgment or decree rendered by a court of competent jurisdiction are those involving fraud, extrinsic or collateral to the matter on which the judgment or decree was rendered; and that it will not set aside a judgment because founded on the fraudulent instrument or perjured testimony or for any other matter that was actually presented and considered in the judgment assailed. Where, therefore, a matter has been duly determined by arbitrators, both parties having been fully heard, a court of equity will not set aside the award and reopen the controversy because of perjury which deceived the arbitrators. ROWELL, C. J., writing for the court, said: " It makes no difference whether the perjury is suborned by the successful party or not, unless you call the subornation the fraud and not the introduction of the perjured testimony, nor whether the successful party himself commits it, in which case it is clearly intrinsic and direct; for when a matter has been actually tried and determined by a tribunal of competent jurisdiction, both parties having been fully heard, as here, a court of equity will not, according to most of the cases, reopen the controversy because of perjury, and throw the whole matter at large again, for that would be sowing dragons' teeth, and disregarding the maxims that it is for the public good that litigation should end, and that a man shall not be twice vexed for the same thing, which maxims are the very foundation of the law of this subject."

We see no reason for treating judgments entered upon an award of arbitration differently from those entered after trial in an action. The Civil Practice Act, as above quoted, permits an award to be set aside where it has been procured by corruption, fraud or other undue means which would include the fraudulent or improper conduct

of a party as well as misconduct of the arbitrators. *Matter of Burke* (191 N. Y. 437) and *Moore* v. *Eadie* (245 N. Y. 166) referred only to the misconduct of arbitrators. Furthermore, our act specifically states that the judgment entered upon an award is to be treated like a judgment in an action. The parties have notice of the motion to confirm, and any of the objections specified in section 1457 can be raised by the defeated party upon that motion; in fact, he can move himself to set aside the award for misconduct of party or arbitrator. We see no reason at this advanced stage of arbitration proceedings for treating the judgments entered upon the award of the arbitrators in any different way than judgments in actions are dealt with. Arbitration has been encouraged for the purpose of avoiding litigation and the costs and delay of trials at law or in equity. To permit a second trial upon the alleged ground of perjury would accomplish the reverse result and make arbitration more costly and the results subject to more delay. Our statutes have given to arbitration much of the formality of judicial proceedings and require at the hearings the same impartiality and fairness as those before referees or commissions.

We, therefore, are of the opinion that where equity will not set aside a judgment at law for intrinsic fraud it should not do so where judgment has been entered upon an award made at arbitration.

The order of the Appellate Division and that of the Special Term should be reversed and the motion granted, with costs in all courts. The certified questions are answered in the negative. (See 268 N. Y. 630.)

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.