## MORTENSEN v. ALCOA S. S. CO., Inc. et al.

United States District Court
S. D. New York.

Nov. 15, 1951.

Richard M. Cantor, New York City (Morris S. Hirschhorn, Flushing, N. Y., of counsel), for plaintiff.

Tompkins, Boal & Tompkins, New York City (Joseph F. Shea, New York City, of counsel), for defendants Honduras Shipping Co. and Suwannee S. S. Co.

IRVING R. KAUFMAN, District Judge.

The defendants Honduras Shipping Company and Suwannee Steamship Company move for summary judgment against the plaintiff. The plaintiff, in turn, moves for leave to serve an amended complaint.

The plaintiff in his original complaint alleges, in substance, that on or about January 1, 1950, while he was a member of the crew S.S. A. Mitchell Palmer, the chief engineer got into an altercation with another member of the crew, during which the crew member smashed a bottle over the mate's head. A fragment of the bottle allegedly struck the plaintiff, at work nearby, causing severe injuries.

The complaint contains a second cause of action for maintenance and cure.

The defendants, Honduras and Suwannee, have set up in their answer, among

other defenses, the defense of res judicata. They allege that the plaintiff brought a similar action in the Circuit Court of Duval County, State of Florida, in which he recovered judgment, duly satisfied, in the sum of $5,000. That judgment, they contend, is a bar to this suit which is for the same cause of action.

The plaintiff opposes the motion for summary judgment on the ground that any release signed by him or any judgment obtained in Florida was obtained through, fraud and overreaching. He urges in a separate motion that he be permitted to file an amended complaint alleging in addition to his causes of action for recovery under the Jones Act and for maintenance and cure, a cause of action to set aside the Florida judgment on the ground that it was obtained by fraud. If the plaintiff's motion is granted then the defendants' motion for summary judgment, addressed to the original complaint, will fall.

■ Defendants oppose plaintiff's application to amend on the ground that the plaintiff cannot attack collaterally in this action the judgment obtained in Florida. I do not agree that this is the state of the law. The Court of Appeals for this Circuit has determined this principle adversely to the defendants. Griffith v. Bank of New York, 2 Cir., 1945, 147 F.2d 899, 160 A.L.R. 1340 certiorari denied 325 U.S. 874, 65 S. Ct. 1414, 89 L.Ed. 1992. Judge Clark, writing for the Court, recognized that the Federal Courts have equity powers which may be exercised in the proper case to set aside, enjoin enforcement of, or ignore a state court judgment obtained by fraud. The mere fact that the alleged fraud has been carried to the point where it has culminated in a judgment does not immunize the alleged fraud from attack.[1] Crouse v. McVickar, 1912, 207 N.Y. 213, 100 N.E. 697, 45 L.R.A.,N.S. 1159, cited by the defendants, is not in conflict with the Griffith case. Judge Clark in Griffith underscored the distinction between "extrinsic" fraud and "intrinsic" fraud. The Crouse case was one of *intrinsic* fraud.[2]

It was not, as alleged here, a case where the fraud was "extrinsic".

■ New York law allows collateral attack on a judgment for extrinsic fraud or duress. Griffith v. Bank of New York, supra, Cohen v. Randall, 2 Cir., 1943, 137 F. 2d 441, certiorari denied 320 U.S. 796, 64 S.Ct. 263, 88 L.Ed. 480.

The plaintiff alleges the following in his proposed amended complaint: He was contacted by an officer of the defendant Suwannee, named Green, who stated that he was also authorized to act on behalf of the defendant Honduras. Green told the plaintiff that he had a claim only for workmen's compensation which was worth, on the basis of the workmen's compensation schedules, somewhere between $4000 and $5000. These representations were false and known to be false. Plaintiff relied upon these false representations and, therefore, agreed to accept the sum of $5000 in settlement. After he so agreed, and in order to effectuate the settlement, the defendants induced the plaintiff to travel to Jacksonville, Florida, by stating to him that it was

1. "There seems no reason for a different result when the consent or release has led to the further step of a judgment. In fact, it is well settled in New York that equity is not confronted with any insurmountable obstacle to a grant of relief otherwise available to victims of fraud because somewhere in the scheme leading to the fraud there is found a judgment as a well considered step in its attempted accomplishment. Byrnes v. Owen, 243 N.Y. 211, 153 N.E. 51. And so the courts have refused to distinguish between fraud resulting in a private settlement and fraud culminating in a judgment, but have awarded damages for loss or injury resulting from a fraud-

ulently obtained judgment, or have not allowed the judgment to be a bar or required its formal overturn in a separate action commenced for that purpose. (Cases cited)", 147 F.2d at page 902.

2. Judge Clark in the Griffith case discusses the Crouse case in this fashion, 147 F.2d at page 903: "The Crouse case itself has been interpreted to stand for no more than that perjury on the part of the successful party or his witnesses does not subject a judgment to collateral attack. Jacobowitz v. Metselaar, 268 N. Y. 130, 197 N.E. 169, 99 A.L.R. 1198, or for no more than the traditional distinction between extrinsic and intrinsic fraud." (Cases cited).

necessary to go to that city because its principal office was located in that city. The airplane passage of the plaintiff was paid by the defendants. Upon arrival in Jacksonville, Florida, plaintiff was met by a representative of the defendants who took him to the office of an attorney whom he had never met and never retained and was advised that this attorney would represent the plaintiff. The plaintiff never agreed to pay this attorney any fee and did not pay him any fee. It was paid for by the defendants or some other interested party. The attorney never advised the plaintiff of his legal rights nor did he attempt to elicit any facts concerning the manner in which plaintiff was injured, nor the extent and nature of these injuries. The attorney caused an action to be commenced by plaintiff against the defendants with a limited prayer for relief for $10,000. In response to the complaint, the defendants filed their answer and arranged with the attorney to have the case brought before the court on the very same day the summons and complaint were served and the answer filed. The matter came before a Judge of the Circuit Court for Duval County, Florida, and judgment was entered in the sum of $5,000. in favor of the plaintiff against the defendant Honduras. No witnesses were called in his behalf nor was any medical testimony of any kind elicited nor any questions addressed to him. In this fashion the plaintiff was prevented from informing the Court of the true nature and seriousness of his injuries. The attorney who acted in his behalf was merely a tool "to perfect and conclude the scheme concocted by defendants, and said attorney never intended to represent the plaintiff in a litigated matter, and did not in fact represent him in the manner that an attorney should where a proper and sound relationship of attorney and client exists." Plaintiff was thus prevented from protecting his interest because of the false and fraudulent representations made to him by the defendants. The judgment obtained in Florida was merely in pursuance "of a device and trick to effectuate a settlement based upon fraud and overreaching, upon the part of the defendants directed against the plaintiff, by the subterfuge of legal form and process, resulting in the form of a judgment."

Plaintiff seeks in his amended complaint the recovery of $175,000.

■ I believe the facts alleged in the proposed amended complaint bring it within the rationale of the Griffith case. It follows, therefore, that it would be proper for the court in this action to exercise its equity jurisdiction to declare the Florida judgment void, in the event that the evidence warrants such conclusion.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dealing with leave to amend pleadings directs that leave be freely given when justice so requires.

In the circumstances existing here, I believe that the plaintiff should be permitted to amend his complaint in accord with the proposed amendment.

The motion of the defendants Honduras and Suwannee will be denied.

The motion of the plaintiff for leave to serve an amended complaint is granted. Defendants may serve an answer to the amended complaint within 20 days after the service thereof.

Settle order.