Harold R. Spencer, Respondent, *v.* Standard Chemi-
cals and Metals Corporation, Appellant.

Parties — action must be brought in name of real party in
interest — what an assignment must convey to constitute an
assignee a real party in interest — assignment purporting to
transfer chose in action held to be mere power of attorney and
unavailing to make assignee a party in interest who could
maintain an action in his own interest and name.

1. A real party in interest within the meaning of the statute pro-
viding that every action must be prosecuted in the name of the real
party in interest, except in the case of the trustees of an express trust,
may be defined as follows: If, as between the assignor and assignee,
the transfer is complete, so that the former is divested of all control
and right to the cause of action, and the latter is entitled to control
it and receive its fruits, the assignee is the real party in interest. The
plaintiff must have some title, legal or equitable, to the thing assigned.

2. This action was brought by plaintiff claiming as assignee under
an instrument naming him as attorney for the alleged assignor and
giving him " power to commence or prosecute any suit or action or
other legal proceedings for the recovery of damages, debts, demands,
choses in action, causes or things whatsoever in the United States of
America due or to become due to me and to prosecute and follow and
discontinue the same if he shall deem it proper and for me and in my
or his name to take all steps and remedies necessary and proper for the
recovery of any sum or sums of money, choses in action or other things
whatsoever that is, are or shall be by my said attorney thought to
be due to me in my right or otherwise, and also for me and in my name
to compromise, settle and adjust all causes." Plaintiff is not within
any of the definitions the trustee of an express trust. The instrument
is a mere power of attorney to plaintiff to collect what may be due to
the assignor solely for the benefit of the latter and transmit it to him,
and the attempt to authorize such an attorney to sue in his own name
is, under the statute (Civ. Pr. Act, § 210), entirely unavailing.

3. Under the complaint, the defendant was not required to plead
that the action was not brought by the real party in interest.

*Spencer* v. *Standard Chemicals & Metals Corp.*, 206 App. Div. 794,
reversed.

(Argued January 16, 1924; decided April 1, 1924.)

Appeal, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial

department, entered September 21, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Abraham Benedict* for appellant. The court erred in receiving in evidence the purported assignment of the cause of action. (*Clark* v. *Dada,* 183 App. Div. 253; *Meeder* v. *Provident Savings Life Assur. Society,* 171 N. Y. 432; *Oakley* v. *Bend,* 3 Edw. Ch. 482.)

*Simon M. Sapinsky* and *Benjamin Rich* for respondent.

ANDREWS, J. When we adopted our scheme of reformed practice, one purpose being to end in part the ancient distinctions between law and equity, we provided that every action must be prosecuted in the name of the real party in interest. (Code of Procedure, sec. 111.) A few exceptions were made. A trustee of an express trust, for instance, might still sue without joining with him the person for whose benefit the action is prosecuted and later such a trustee was defined to include one with whom or in whose name a contract is made for the benefit of another. (Code of Procedure, sec. 113.) Theretofore as the commissioners on practice and pleadings pointed out in their report if the assignee sued at law he was turned out of court and if the assignor sued in equity he was turned out also. So the rule adopted in courts of equity was made general, " That he who has the right is the person to pursue the remedy." (First Report, p. 124.) It was not the design to give a new cause of action where none previously existed, but to permit and require the beneficial owner to enforce his rights in his own name.

The real party in interest has been defined by this court: " If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest." (*Cummings* v. *Morris,* 25 N. Y. 625.) In other words, the plaintiff must have some

title, legal or equitable, to the thing assigned. (*Hays* v. *Hathorn*, 74 N. Y. 486.) If the assignee have such title it is enough. The consideration paid, the purpose of the assignment, the use to be made of any proceeds collected is immaterial. (*Allen* v. *Brown*, 44 N. Y. 228; *Meeker* v. *Claghorn*, 44 N. Y. 349; *Sheridan* v. *Mayor, etc., of New York*, 68 N. Y. 30; *Brown* v. *Powers*, 53 App. Div. 251.) But legal title or equitable interest he must have.

This action is brought by Harold R. Spencer to recover the balance of the purchase price of certain ore said to have been sold by one Quan Kai to the defendant. It was alleged in the complaint that the cause of action had been duly assigned to the plaintiff, This was denied. At the close of the plaintiff's case the purported assignment was offered in evidence. This instrument named Spencer as attorney for Quan Kai and gave him among other things " power to commence or prosecute any suit or action or other legal proceedings for the recovery of damages * * * debts, demands, choses in action, causes or things whatsoever in the United States of America due or to become due to me and to prosecute and follow and discontinue the same if he shall deem it proper and for me and in my or his name to take all steps and remedies necessary and proper for the recovery * * * of any * * * sum or sums of money, choses in action or other things whatsoever that is, are or shall be by my said attorney thought to be due * * * to me in my right or otherwise, and also for me and in my name to compromise, settle and adjust all causes." The attorney was also authorized to sign any release or receipt and he was given power to substitute other attorneys in his place. When this instrument was offered in evidence objection was made that it was not competent because it did not constitute an assignment but was a mere power of attorney. The attention of the trial judge was, therefore, sharply called to this question. The paper was received in evidence and an exception taken.

31

The plaintiff is clearly not within any of the definitions the trustee of an express trust. No legal title to the claim against the defendant was assigned to him. Neither does it appear that he has any equitable interest therein. Upon the face of the paper the attorney's duty is simply to collect what may be due to Quan Kai solely for the latter's benefit and to transmit it to him. It is the ordinary case of the appointment of an attorney in fact. ' The attempt to authorize such an attorney to sue in his own name is, under the provisions of section 210 of the Civil Practice Act, which in this respect follows the original Code, entirely unavailing.

The question is properly before us. In view of the complaint, the defendant was not required to plead that the action was not brought by the real party in interest. (*Brauer* v. *Oceanic Steam Navigation Co.*, 178 N. Y. 339.) When an attempt was made to prove the alleged assignment a specific objection was made. It may be that if the plaintiff might recover in his own name under the power conferred upon him there would not be such a variance as to compel a dismissal of the action. If necessary the court might perhaps have amended the complaint to conform to the facts proved. But as such an amendment would here be useless, the direction of a judgment for the plaintiff was erroneous.

The judgment appealed from must be reversed and a new trial granted with costs to abide the result.

McLaughlin, J. (dissenting). I dissent. What is termed in the prevailing opinion as a power of attorney is I think more than that. It assigns Quan Kai's interest in the claim against defendant to the plaintiff. It is true the words " assign " and " transfer " are not used, but an inspection of the instrument will show that the plaintiff is not only authorized to bring an action in his own name but he is also authorized to " sell, assign, transfer or dispose " of the ore or the claim which is the

subject-matter of this action. The authority thus given to the plaintiff necessarily implies a transfer of title to the plaintiff. Where one is given authority to do a particular act, he is deemed to have whatever is necessary for its performance. The plaintiff, therefore, is a real party in interest. The defendant would be fully protected in paying any judgment recovered by him in the action. (*Sheridan* v. *Mayor, etc., of N. Y.*, 68 N. Y. 30.)

At the close of the evidence defendant's attorney recognized the instrument as an assignment when he asked for the direction of a verdict in favor of the defendant. The basis of his motion was " that the plaintiff had failed to prove any sale or delivery by *plaintiff's assignor* to the defendant." He did not then even suggest, much less move, to dismiss the complaint or for the direction of a verdict on the ground that the plaintiff was not the real party in interest.

I think the judgment is right and should be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND and LEHMAN, JJ., concur with ANDREWS, J.; McLAUGHLIN, J., reads dissenting opinion, with whom CRANE, J., concurs.

Judgments reversed, etc.