In the Matter of EDGAR H. HOLDEN et al., Respondents.
THEODORE B. HENNENLOTTER et al., Appellants.

(Argued April 13, 1936; decided May 19, 1936.)

*Matt Goldstein* for Theodore B. Hennenlotter et al., appellants.

214

*Herman S. Bachrach* and *Clarence G. Bachrach* for J. Charles Zimmerman, appellant.

*Arthur M. Laufer* for respondents.

HUBBS, J. In 1927 the city of New York acquired title in condemnation of land as a school site. Awards were made on two damage parcels known as damage parcels Nos. 6 and 6-A. The sum awarded for those damage parcels was deposited with the City Chamberlain pursuant to section 1439 of the Greater New York Charter (Laws of 1901, ch. 466, as added by L. 1915, ch. 596) to the credit of unknown owners. In January, 1929, Barbara C. Nelson commenced two separate proceedings in the Appellate Division, second department, for the collection of five-sixths of each award for the taking of damage parcels Nos. 6 and 6-A. Her petition alleged that she was the owner of a five-sixths interest in each award by virtue of assignments executed by heirs at law and next of kin of John Cullen, deceased, who was the owner of the property condemned. In that proceeding, testimony was taken by the corporation counsel and thereafter two separate orders were made and entered by the Appellate Division by the terms of which Barbara C. Nelson was granted five-sixths of the sum awarded for each of the damage parcels Nos. 6 and 6-A and the City Chamberlain was directed to pay the same. The Corporation Counsel consented to the form and entry of each order. Thereafter, the City Chamberlain, after deducting taxes, assessments, etc., paid to her $2,398.29 on account of damage parcel No. 6 and $2,499.25 on account of damage parcel No. 6-A.

On February 25th, 1929, Augusta A. Higgins, as assignee of one Burchard, commenced a proceeding in the Appellate Division based upon a tax certificate issued by the Collector of Assessments and Arrears of the city of New York, entitling the owner to a lease of damage parcel 6-A for 10,000 years. At the time of the commencement of the proceeding, there was on deposit with the City Chamberlain $656.29 to the credit of unknown owners of damage parcel 6-A. The matter was referred to an official referee who after a hearing reported that the

petitioner was entitled to payment of the sum of $656.29, the balance on deposit to the credit of unknown owners of parcel 6-A. The report of the referee was confirmed and the City Chamberlain paid the money to the petitioner.

In November, 1934, over five years later, the present proceeding was instituted by notice of motion praying for an order vacating and setting aside the assignments made to Barbara C. Nelson; vacating and setting aside the orders of the Appellate Division directing payment of the awards to Barbara C. Nelson; vacating and setting aside the order directing payment of $656.29 to Augusta A. Higgins, and vacating and declaring null and void the tax certificate issued to Augusta A. Higgins. Also for an order directing all of the appellants to deposit in court the amount collected by Barbara C. Nelson and Augusta A. Higgins, with interest. The relief prayed for was granted by the Appellate Division on the ground that Barbara C. Nelson's assignor had procured the assignments from the unknown owners by fraud and that Harry Holden who had an interest in the balance of $656.29 on deposit to the credit of unknown owners of parcel 6-A never received notice of the proceeding which resulted in an order directing that sum to be paid to Augusta A. Higgins. Also on the ground that the prior proceeding by Barbara C. Nelson to withdraw the funds constituted a fraud on the court as the assignments from the unknown owners were procured by fraud. The other parties named in the proceeding had obtained some interest in the funds and for that reason were made parties to the proceeding. It is unnecessary to recite their interest.

The principal question here involved is whether fraud practiced in securing the assignments from the unknown owners constituted fraud upon the court and justified the court in annulling the whole proceeding, canceling the assignments and directing the appellants to pay the amount which they received with interest into court.

The proceeding for the withdrawal of the money from the office of the Comptroller was in all respects regular.

The Corporation Counsel had notice, took evidence and consented to the orders. The assignments were regular and properly executed. They transferred the legal title to the funds from the unknown owners to the assignee. When the assignments were presented to the Appellate Division they established the legal title of the assignee to the funds. It was not necessary to establish the consideration paid for the assignments.

In fact, the city could not have legally inquired into the consideration paid for the assignments, or the conditions under which they were executed. That was a matter of no importance to the city or any one else relying upon the assignments. The fact that the assignors might have a valid cause of action against the assignee because of fraud practiced upon them, did not affect the legal title of the assignee and could not be proved by a defendant in an action on the assignments. (*Sheridan* v. *Mayor*, 68 N. Y. 30; *Spencer* v. *Standard C. & M. Corp.*, 237 N. Y. 479.)

When the Appellate Division made its orders directing the payment of the fund to the assignee, she had legally established that she was the legal owner of the fund by virtue of her assignments and the orders were properly made. The assignments were perfectly valid until legally set aside and declared void. The assignors, by their acts, had vested the legal title in their assignee. If they desired to question that title they might do so in an action against the assignee based on the ground of fraud. They could not obtain that relief and the other relief granted by motion.

In the case at bar the court referred the question whether there had been fraud in procuring the assignments to an official referee. It may be conceded that there was evidence of the fraud charged. The appellants did not offer any evidence but stood upon their legal rights insisting that the court was without power to compel them to litigate the question of fraud between the assignors and assignee in the manner attempted.

In this we believe they were acting within their legal rights. They had a right to have that issue determined in an action in the usual way and in that action they might be entitled to a jury trial. The alleged fraud which the court was investigating was not a fraud upon the court but a fraud between the original parties to the assignments.

A judgment may be vacated when procured by fraud on the court but not for fraud between the original parties in some remote transaction. To justify a court in setting aside and vacating a judgment on the ground of fraud, the fraud complained of must have been practiced in the very act of obtaining the judgment. (*Mayor* v. *Brady*, 115 N. Y. 599, 614.)

It is well settled in this jurisdiction that intrinsic fraud or perjury on a trial will not justify the vacating and setting aside a judgment. (*Jacobowitz* v. *Herson*, 268 N. Y. 130.)

Undoubtedly fraud practiced on the court in the very act of procuring a judgment or order will justify a court in vacating such judgment or order. (Cf. 34 C. J. p. 282, where many cases are cited illustrating the rule.)

Here there was no fraud on the court in procuring the order. The assignments were valid upon their face. The assignee was the legal owner of the claims assigned. No one could question the validity of the assignments except the assignors and that they might never do. The proceedings were in all respects regular. Under those circumstances, the court was without jurisdiction upon motion to vacate the order, cancel the assignments and order the amount received from the Comptroller to be paid into court thereby making the appellants subject to punishment for contempt of court in case they disobeyed the order.

The same principle applies to the order in the Higgins proceeding. In that proceeding, Augusta A. Higgins, the assignee of a tax certificate, procured an order of the

Appellate Division requiring the Comptroller to pay to her the sum of $656.29, the balance on deposit to the credit of damage parcel No. 6-A. The Appellate Division has not only vacated its order but it has also canceled the tax certificate and directed the holder thereof, Augusta A. Higgins, to pay into court the sum of $656.29, with interest thereon. The Appellate Division was without power to make such an order.

The order appealed from should be reversed and the proceedings dismissed, with costs in all courts.

CRANE, Ch. J., O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; LEHMAN and FINCH, JJ., dissent on the ground that the order of the Appellate Division was not a judicial decision but only an administrative order.

Order reversed, etc.