George L. Cobb, J.
Following the rendition on August 4,1972 of my decision (74 Misc 2d 1082) as to the kind of declaratory judgment which would be rendered upon certain stipulated issues, respondent Flavin has moved for leave to reargue, so that an issue which was not considered upon the original submission might be resolved in the declaratory judgment to be entered herein.
Upon the original submission, it was recognized that there were two categories of subscribers to the Official Reports, i.e., (1) those who had initially placed their subscriptions directly with the petitioner, and (2) those who had initially placed their subscriptions through a lawbook dealer other than the petitioner. The original decision determined that, in the event of a change in contractor from the petitioner after December 31, 1970, the *1091 petitioner was not entitled to receive any commissions or discounts upon annual renewals of the subscriptions falling within the first of the above classes of subscriptions. Upon this motion for leave to reargue, it appears that some subscriptions, originally placed with lawbook dealers other than the petitioner, have been transferred by such dealers to the petitioner, and the question that is now presented for determination is whether or not, if there is a new official printer, the petitioner would thereafter be entitled to discounts or commissions on annual renewals' of the subscriptions which had been so transferred.
Petitioner says that lawbook dealers have a right to receive commissions or discounts on annual renewals of subscriptions to legal publications, that such right has been generally recognized by the trade over many years, that such right is a property right, that the 1966 contract between the petitioner and the respondent Flavin, in subparagraph (g) of paragraph 5 and in paragraph 17 thereof, recognized .such right and granted it protection, that such right is assignable by lawbook dealers to others and may be enforced by such others, and that it, as an assignee of other lawbook dealers, is entitled to enforce any right to such commissions or discounts such other dealers would have had if they had not transferred their rights to the petitioner. As to such transferred subscriptions, petitioner says that the court’s ruling that it is disqualified to receive renewal commissions as a lawbook dealer has no effect on its right to receive such as the assignee of another who was so entitled.
While there was a time when the law did not favor assignments, such archaic view has been superseded and “ The general rule now prevailing * * # that any property right, not necessarily personal, is assignable, is overcome only by agreement of the contracting parties or a principle of law or public policy”. (Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N. Y. 313, 325.) While paragraph 15 of the 1966 contract forbids any assignment of the contract by the contractor, except with the written consent of the Reporter, there is no such prohibition against the assignment by a lawbook dealer of whatever rights such dealer acquired under the contract language hereinabove referred to. The bias in favor of free assign-ability has been codified in section 41 of the Personal Property Law and the court searches in vain for any provision therein proscribing the marketing by such lawbook dealer to whomever such dealer saw fit of the property interests such dealer has in •future annual renewals or subscriptions to the Official Reports.
It is true that such dealer’s property rights in future renewals may be regarded as a mere expectancy and as things not yet *1092 in being. Assignability, however, is not impeded because the expectancy may not be realized or because the property right in the future may turn out to be valueless (Central Trust Co. v. West India Improvement Co., 169 N. Y. 314, 323).
The respondent Lawyers Co-Operative Publishing Company argues that the transfer of renewal rights by other dealers to the petitioner should not be recognized because the consideration paid therefor by petitioner was not adequate.
If the transfers to petitioner of renewal rights be regarded as legal rather than equitable assignments, the consideration paid is “immaterial” (Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479, 481) and respondent, as a prospective obligor of such rights, should attach “ no importance ” to the matter of consideration (Matter of Holden, 271 N. Y. 212, 217).
On the other hand, it has been said that an assignment of a mere possibility or expectancy, not coupled with an interest, is an equitable rather than a legal assignment and, as such, must be supported by a sufficient consideration (3 N. Y. Jur., Assignments, § 20, pp. 276, 277). The holding in Speelman v. Pascal (10 N Y 2d 313, construing former Personal Property Law, § 33, subd. 4, now General Obligations Law, § 5-1107) suggests that the above statement of the applicable law is too broad, but, if a ‘ ‘ sufficient ’ ’ consideration is needed to render the instant assignments enforceable, the requirement can be met. It has been said that the slightest consideration is sufficient consideration and adequacy is irrelevant (Mandel v. Liebman, 303 N. Y. 88, 93). Neither the respondent Lawyers Co-Operative Publishing Company nor the respondent Flavin charges that any of the assignments here involved were made without any consideration, but seek only to challenge adequacy. Since such is irrelevant, it is clear that the matter of consideration will not bar a declaration favorable to the petitioner upon the instant issue.
The motion for leave to reargue will be granted and upon such reargument the court will declare that, as to subscriptions transferred to the petitioner by lawbook dealers other than the petitioner, if there be a change of contractor from the petitioner after December 31,1970, the petitioner will be entitled to receive, upon any annual renewals of said subscriptions, any commissions or discounts which ¡such other lawbook dealers would have been entitled to receive if such other lawbook dealers had not transferred such subscriptions to the petitioner.
Submit judgment on notice,