OPINION OF THE COURT
Chief Judge Wachtler.
The question on this appeal is whether a court which has accepted a special plea of “not responsible by reason of mental disease or defect” pursuant to CPL 220.15, may vacate the plea on application of the prosecutor on the ground that it was fraudulently obtained. The trial court granted the prosecutor’s motion. In this proceeding the Appellate Division held that the court lacked the power under the statute and prohibited further prosecution of the criminal charges. The People appeal claiming that the trial court had inherent power to vacate the plea. They also urge that the plea did not constitute an acquittal within the meaning of the double jeopardy clause, so as to preclude restoration of the charges.
The petitioner, Samuel Lockett, allegedly committed 18 robberies in Brooklyn during a 30-day period beginning on December 6, 1980 and ending on January 5,1981. On the last occasion he was arrested at the scene of the crime. A Grand Jury subsequently returned two indictments charging him with several counts of robbery in the first and third degrees and related offenses.
*184 Following the petitioner’s arrest, several competency hearings were held to determine his mental fitness to stand trial (CPL art 730). The first hearing resulted in a finding that he was not competent to be brought to trial at that time. At the second hearing, held several months later, it was determined that he was then able to understand the nature of the proceedings and assist counsel in his defense. A third hearing produced the same conclusion.
During the examinations held in connection with the competency hearings, the petitioner stated that he was a veteran who served in combat during the Vietnam War and still felt the effects of that experience. After he was found competent to stand trial, he claimed that he was not responsible for his actions by reason of mental disease or defect because he was suffering from posttraumatic stress disorder, sometimes referred to as the Vietnam War syndrome.
The petitioner could have raised this issue as a defense at trial (Penal Law § 30.05 [now § 40.15], making it an affirmative defense). He sought instead to have the court accept it as a plea and terminate the criminal proceedings without a trial, pursuant to CPL 220.15, a statute enacted in 1980 as an insanity defense reform measure.
CPL 220.15 creates a procedure resembling plea bargaining but produces a kind of reverse guilty plea. It permits the defendant to enter a plea of “not responsible by reason of a mental disease or defect”, if the court and the prosecutor consent (CPL 220.15 [1]). Before accepting the plea, the court must be satisfied that the People could establish all the elements of the crime beyond a reasonable doubt but could not meet their burden of proving the defendant’s mental responsibility (CPL 220.15 [5] [a], [b]). The statute provides that, if accepted by the court, the plea is equivalent to a verdict finding the accused not responsible by reason of a mental disease or defect (CPL 220.15 [3] [f]). It effectively terminates the criminal proceeding and initiates commitment proceedings of a civil nature (CPL 220.15 [6]; 330.20).
The People requested, and were granted, permission to have the accused examined by a psychiatrist of their choosing. The People’s psychiatrist concluded that Lockett suffered from a mental disease, posttraumatic stress disorder, resulting from his Vietnam experience.
On April 13, 1983, the People consented to the entry of the plea. The prosecutor stated that the People could establish the elements of the crimes charged by eyewitness testimony, and in *185 some cases by video tapes. She informed the court, however, that based on the psychiatric reports, the People could not disprove the defense of criminal responsibility beyond a reasonable doubt, because they could not prove that the accused knew what he was doing was wrong. Defense counsel informed the court that Lockett had “no defense to his being present and participating in these crimes; just to the degree of the crime.” Satisfied with these representations and the psychiatric reports, the court did not hold a hearing (CPL 220.15 [1]). After advising the defendant of his rights and the consequences of his plea, the court accepted and entered his plea of not responsible by reason of a mental disease or defect. The court then ordered that Lockett be examined pursuant to CPL 330.20 (2) to determine whether he was dangerously mentally ill at that time. The court also scheduled a hearing to consider the results of that examination (CPL 330.20 [6]).
Before the hearing was held, however, the People moved to vacate the plea on the ground that it was induced by fraud because they had just learned that Lockett, although an Air Force veteran, had never been in Vietnam. In support of this application, the People submitted a certified copy of his military records which showed that he had never left Randolph Air Force Base in Texas, where he had served as an accounting clerk. The People noted that they had issued a subpoena for these records before consenting to the entry of the plea, but the Federal Government had rejected the subpoena because certain Federal requirements had not been met. After entry of the plea, the People obtained a court-ordered subpoena in preparation for the initial commitment hearing. The Federal authorities had honored that subpoena and upon receipt of the records, the People had learned that the defendant was not, in fact, a combat veteran as he represented himself to be.
The court granted the People’s motion, noting that the defendant had consistently informed the examining psychiatrists at the various mental examinations that he had served in Vietnam where he had horrible combat experiences and that these misrepresentations played a crucial part in their mental evaluations and opinions that he suffered from a posttraumatic stress disorder. The court rejected the defendant’s arguments that the plea could not be vacated because of a lack of express statutory authority, concluding that the court had inherent power to vacate a plea obtained by fraud and misrepresentation. The court also rejected the defendant’s contention that the double jeopardy clause precluded restoration of the criminal charges, *186 finding that jeopardy had not attached because the petitioner had not been subjected to the risk of conviction.
Lockett then commenced this article 78 proceeding in the Appellate Division to prohibit the trial court from proceeding with the prosecution. In a memorandum decision the Appellate Division granted the petition, concluding that the court lacked the power to vacate the plea in the absence of express statutory authority. The court stated: “although acceptance of the petitioner’s pleas of ‘not responsible by reason of mental disease or defect’ (CPL 220.15) may have been based upon erroneous information given to the psychiatrists by petitioner himself, under the circumstances of this case, no satisfactory authorization exists for the court to have vacated the pleas and subsequent commitment to a secure facility pursuant to statute (CPL 330.20, subd 3). Thus the vacatur was improper and invalid (cf. Matter of Campbell v Pesce, 60 NY2d 165).” (102 AD2d 869.)
CPL 220.60 (3) expressly permits a court to vacate a plea of not responsible by reason of mental disease or defect on application of the defendant, under circumstances which are not entirely clear (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, pp 293-294). There is no comparable right granted to the People. However, the absence of express statutory authority is not controlling in this instance because the issue presented by the People’s application is one over which the courts have inherent power.
This is not a case where the court was called upon to correct a purely statutory defect in a judgment for which no statutory corrective authority exists (see, e.g., Matter of Campbell v Pesce, 60 NY2d 165; but also see, People v Bartley, 47 NY2d 965 [recognizing the power to correct a plea before sentence is pronounced]). Nor is it a case where the court sought to exercise an inherent power which the courts have never been held to possess (see, e.g., People v Douglass, 60 NY2d 194 [no inherent power to dismiss for lack of prosecution]; but also see, People v Minaya, 54 NY2d 360; and People v Wright, 56 NY2d 613 [court has inherent power to correct clerical errors]).
Courts traditionally have inherent power to vacate orders and judgments obtained by fraud or misrepresentation. In this State, that power has been exercised in civil cases (Furman v Furman, 153 NY 309; Matter of Holden, 271 NY 212) and criminal cases (Matter of Lyons v Goldstein, 290 NY 19). This power, it should be noted, does not extend to intrinsic fraud, such as perjury at trial, which for policy reasons has been held not to invalidate a judgment (Jacobowitz v Herson, 268 NY 130; Matter of Holden, *187 supra, p 218). However, the power does extend to a plea obtained by fraud and misrepresentation (Matter of Lyons v Goldstein, supra). Thus far, the inherent power to vacate a plea has been exercised upon application of the defendant. But there is no reason why the courts should not vacate a fraudulently obtained plea when the application is made by the prosecutor, provided there is no constitutional impediment.
The petitioner contends the double jeopardy clause poses such an impediment in this case because the plea has the same effect as acquittal after trial. He notes that the statute expressly provides that the accused must be informed that the plea is the equivalent of a verdict of not responsible by reason of a mental disease or defect (CPL 220.15 [3] [f]). He also notes that the court accepted the plea only after reviewing the facts and concluding that the People could not obtain a conviction because they could not meet their burden of proving his mental capacity beyond a reasonable doubt, as is also required by the statute (CPL 220.15 [5] [a], [b]).
The label which the Legislature has attached to the plea is not controlling for double jeopardy purposes (United States v Martin Linen Supply Co., 430 US 564, 571). It can only be said to constitute an acquittal if it actually represents a resolution of some or all of the factual elements of the crimes charged (United States v Martin Linen Supply Co., supra, p 571). In addition, the factual consideration must occur after jeopardy has attached (Serfass v United States, 420 US 377, 390-392).
Jeopardy cannot be said to have attached until the accused has been subjected to the risk of conviction (Serfass v United States, supra, p 392; Green v United States, 355 US 184,187). In the case now before us, the petitioner never faced that risk during the plea proceedings. Under the statute governing this special plea (CPL 220.15), there were only two options available to the court. First, the court could accept the plea, thus terminating the criminal proceedings and initiating the civil commitment proceedings (CPL 220.15 [6]). Second, the court could reject the petitioner’s plea offer and permit the criminal proceedings to continue in the normal course. In no event could the court make a binding factual finding of the defendant’s guilt. Therefore, the trial court correctly held that the double jeopardy clause does not preclude restoration of the criminal charges because jeopardy had not attached when the special plea was accepted. As the Supreme Court has noted: “an accused must suffer jeopardy before he can suffer double jeopardy” (Serfass v United States, supra, p 393).
*188 Accordingly, the judgment of the Appellate Division should be reversed and the petition dismissed.
Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Judgment reversed, without costs, and petition dismissed.