In the Matter of the Application of Michael W. WARREN, Petitioner for a Writ of Habeas Corpus to Inquire Into the Cause of Detention of Samuel Lockett, Petitioner,

v.

Albert MONTEMANGO, Warden Brooklyn House of Detention, Respondent.

No. CV 85–2388.

United States District Court, E.D. New York.

Aug. 9, 1985.

---

**148**

Michael Warren, Brooklyn, N.Y., for petitioner.

Elizabeth Holtzman, Dist. Atty., Kings County, New York by Debra Petrover, Brooklyn, for respondent.

## MEMORANDUM OF DECISION & ORDER

COSTANTINO, District Judge.

Petitioner, Samuel Lockett, moves this court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus alleging that further criminal proceedings against him will be in violation of the Constitution of the United States. The basis for petitioner's claim is that (a) further prosecution of him is in violation of the Double Jeopardy clause; and (b) further prosecution of him in violation of New York State law is such that he will be denied the fundamental fairness guaranteed to him pursuant to the Due Process provisions of the Fifth and Fourteenth Amendments to the United States Constitution.

1. New York Criminal Procedure Law § 220.15 provides:

(3) Before accepting a plea of not responsible by reason of mental disease or defect, the Court must address the defendant in open court and determine that he understands each of the following:

(a) The nature of the charge to which the plea is offered, and the consequences of such plea;

(b) That he has the right to plead not guilty or to persist in that plea if it has already been entered;

(c) That he has the right to be tried by a jury, the right to the assistance of counsel, the right to confront and cross-examine witnesses

## FACTS

Petitioner was indicated in Kings County under indictment numbers 46/1981 and 270/1981 for seven counts of Robbery in the First Degree, seven counts of Criminal Use of a Firearm in the First Degree, eleven counts of Robbery in the Third Degree, three counts of Grand Larceny in the Third Degree and one count Criminal Possession of Stolen Property in the Third Degree.

At some point in the proceedings relative to the above-stated indictments, Petitioner advised the court that he was not responsible for his actions by reason of mental disease or defect. Thereafter, petitioner was examined by at least five psychiatrists, only one of whom was chosen by petitioner.

The defendant, in support of his claim that he was not responsible by reason of mental disease or defect, cited his traumatic experience in Vietnam as well as his ingestion of massive quantities of dangerous narcotics.

On April 13, 1983 petitioner tendered a plea of not responsible by reason of mental disease or defect. The court, on April 13, 1983, considered the representations of petitioner's counsel, conversations had by the court with defendant, as well as the findings of the psychiatrists who interviewed petitioner, and accepted the plea of not responsible by reason of mental disease or defect. The respondent District Attorney consented to the court's acceptance of the plea. The court, accordingly, made findings of fact to support its acceptance of the plea.[1]

against him, and the right not to be compelled to incriminate himself;

(d) That if he pleads not responsible by reason of mental disease or defect there will be no trial with respect to the charges contained in the indictment, so that by offering such plea he waives the right to such trial;

(e) That if he pleads not responsible by reason of mental disease or defect the court will ask him questions about the offense or offenses charged in the indictment and that he will thereby waive his right not to be compelled to incriminate himself; and

(f) That the acceptance of a plea of not responsible by reason of mental disease or defect is the equivalent of a verdict of not

In accordance with N.Y. Criminal Procedure Law § 220.15 a judgment of not responsible by reason of mental disease or defect was entered. The petitioner was thereupon remanded to the custody of the Commissioner of Mental Health for an examination pursuant to N.Y. Criminal Procedure Law § 330.20 for civil commitment proceedings.

Subsequent to the entry of the judgment of acquittal by reason of mental disease or defect, Respondent District Attorney obtained petitioner's military records. These records disclosed that petitioner had never served in Vietnam.

Arguing that a fraud had been perpetrated upon the court, the District Attorney moved to vacate the "plea" of not guilty by reason of mental disease or defect. The motion was granted. *People v. Lockett,* 121 Misc.2d 549, 468 N.Y.S.2d 802 (Sup.Ct. Kings Co.1983), *reversed, sub. nom., In the Matter of Lockett v. Juviler,* 102 A.D.2d 869, 477 N.Y.S.2d 37 (2d Dept.1984), *reversed, Lockett v. Juviler,* 65 N.Y.2d 182, 490 N.Y.S.2d 764, 480 N.E.2d 378 (1985).

In upholding the vacatur of the verdict of acquittal by reason of mental disease or defect, the New York Court of Appeals interpreted CPL 220.15 as follows:

CPL 220.15 creates a procedure resembling plea bargaining but produces a kind of reverse guilty plea. It permits the defendant to enter a plea of "not responsible by reason of a mental disease or defect", if the court and the prosecutor consent (CPL 220.15[1]). Before accepting the plea, the court must be satisfied that the People could establish all the elements of the crime beyond a reasonable doubt but could not meet their burden of proving the defendant's mental responsibility (CPL 220.15[5][9], [b]). The statute provides that, if accepted by the court, the plea is equivalent to a verdict finding the accused not responsible by reason of a mental disease or defect (CPL 220.15[3][f]).

*Id.* at 184, 490 N.Y.S.2d 764, 480 N.E.2d 378.

responsible by reason of mental disease or

Moreover, the Court of Appeals rejected petitioner's argument that the plea could not be vacated in the absence of express statutory authority. The Court of Appeals noted that "CPL 220.60(3) expressly permits a court to vacate a plea of not responsible by reason of mental disease or defect on application of the defendant ... There is no comparable right granted to the People. However, the absence of express statutory authority is not controlling in this instance because the issue presented by the People's application is one over which the courts have inherent power." *Id.* at 186, 490 N.Y.S.2d 764, 480 N.E.2d 378.

Courts traditionally have inherent power to vacate orders and judgments obtained by fraud or misrepresentation. In this State, that power has been exercised in civil cases (*Furman v. Furman,* 153 NY 309 [47 N.E. 577]; *Matter of Holden,* 271 NY 212 [2 N.E.2d 631]) and criminal cases (*Matter of Lyons v. Goldstein,* 290 NY 19 [47 N.E.2d 425]). This power, it should be noted does not extend to intrinsic fraud, such as perjury at trial, which for policy reasons has been held not to invalidate a judgment. (*Jacobowitz v. Herson,* 268 NY 130 [197 N.E. 169]; *Matter of Holden, supra* [271 N.Y.], p. 218 [2 N.E.2d 631]). However, the power does not extend to a plea obtained by fraud and misrepresentation (*Matter of Lyons v. Goldstein, supra.*). Thus far, the inherent power to vacate a plea has been exercised upon application of the defendant. But there is no reason why the courts should not vacate a fraudulently obtained plea when the application is made by the prosecutor, provided there is no constitutional impediment.

*Id.* at 186–87, 490 N.Y.S.2d 764, 480 N.E.2d 378.

The Court of Appeals proceeded to address the constitutional question. In doing so, the court noted that

'[t]he label which the Legislature has attached to the plea is not controlling for double jeopardy purposes (*United States*

defect after trial.

*v. Martin Linen Supply Co.,* 430 U.S. 564, 571 [97 S.Ct. 1349, 1354, 51 L.Ed.2d 642]). It can only be said to constitute an aquittal if· it actually represents a resolution of some or all of the factual elements of the crimes charged. (*United States v. Martin Linen Supply Co., supra,* p. 571 [97 S.Ct., p. 1354]). In addition, the factual consideration must occur after jeopardy has attached (*Serfass v. United States,* 420 U.S. 377, 390–392 [95 S.Ct. 1055, 1063–1065, 43 L.Ed.2d 265]). Jeopardy cannot be said to have attached until the accused has been subjected to the risk of conviction (*Serfass v. United States,* supra, p. 392 [95 S.Ct., p. 1064]; *Green v. United States,* 355 U.S. 184, 187 [78 S.Ct. 221, 223, 2 L.Ed.2d 199]). In the case now before us, the petitioner never, faced that risk during the plea proceedings. Under the statute governing this special plea (CPL 220.15), there were only two options available to the court. First, the court could accept the plea, thus terminating the criminal proceedings and initiating civil commitment proceedings (CPL 220.15[6]). Second, the court could reject the petitioner's plea offer and permit the criminal proceedings to continue in the normal course. In no event could the court make a binding factual finding of the defendant's guilt. Therefore, the trial court correctly held that the double jeopardy clause does not preclude restoration of the criminal charges because jeopardy had not attached when the special plea was accepted. As the Supreme Court has noted: 'An accused must suffer jeopardy before he can suffer double jeopardy.' (*Serfass v. United States, supra,* p. 393 [95 S.Ct., p. 1065]).

## DISCUSSION

The New York Court of Appeals, in reaching its conclusion that vacatur of petitioner's plea was proper, relied, in large measure, upon its analysis of the constitutional prohibition against Double Jeopardy. The Court of Appeals reasoning was premised upon its belief that since the trial court could not "make a binding factual finding of the defendant's guilt," *Lockett v. Juviler,* 65 N.Y.2d at 187, 490 N.Y.S.2d 764, 480 N.E.2d 378, jeopardy had not attached. The District Attorney argues that the "factual considerations raised by the trial court at the plea proceedings are of no consequence for double jeopardy purposes for without the risk of a determination of guilt, jeopardy did not attach." Respondent's Memorandum of Law in Opposition at 6, *citing, Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

Respondent's reliance upon *Serfass, supra,* is inapposite. *Serfass* is easily distinguished from the proposition espoused by respondent on two grounds.

First, *Serfass* held at 388, 95 S.Ct. at 1062, that, "[i]n a nonjury trial, jeopardy attaches when the court begins to hear evidence. (citations omitted)." In the present case, for the trial court to have satisfied its duty to insure that the people could have proven, if there were a trial, guilt of the offense beyond a reasonable doubt, the People had to have been "ready for trial." Moreover, for the People to have conceded to the entry of the judgment of acquittal by reason of mental disease or defect, it is not unreasonable to presume that the District Attorney's investigation must have been complete. Accordingly, the trial court proceeded to hear evidence and find facts with respect to the crime charged and the defense offered.

> A defendant is acquitted only when, 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor] correct or not, of some or all of the factual elements of the offense charged.' *Martin Linen, supra* at 571 [97 S.Ct. at 1354].

*United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978).

It is unquestionably true that the trial court, when it accepted Lockett's plea, resolved, correctly or not, some or all of the factual elements of the crime charged. *United States v. Martin Linen Supply,* 430 U.S. at 571, 97 S.Ct. at 1354. By deciding that the People had failed to come

forward with sufficient proof of petitioner's capacity to be responsible for his criminal acts, the trial court was clearly saying that Lockett's criminal culpability had not been established. The conclusion is inescapable that a judgment of acquittal has been entered and, of course, the Double Jeopardy prohibition embodied in the Constitution prohibits a new proceeding based upon the same offense. *Burks v. United States,* 437 U.S. 1, 10–11, 98 S.Ct. 2141, 2146–47, 57 L.Ed.2d 1 (1978); *see also, Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *and also, Sapir v. United States,* 348 U.S. 373, 374, 75 S.Ct. 422, 423, 99 L.Ed. 426 (1955).

The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.

*Burks, supra,* 437 U.S., at 11, 98 S.Ct. at 2147; *see also, United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980).

The New York Court of Appeals attempted to distinguish fraud in the inducement with fraud in fact and it characterized petitioner's statements regarding his (non-existent) combat experience as fraud in the inducement. The Court of Appeals, however, apparently concedes that had Lockett testified before a jury at trial regarding his combat experience before a jury, and had received an acquittal by reason of mental disease or defect, Lockett's perjury would not vitiate the verdict.[2]

Clearly, Lockett's statements were fraudulent in fact. Why should anything Lockett says "induce" the People to accept his plea? The People could have nevertheless caused a trial to be had. Presumably, the People conducted their own investigation. If the People were remiss in some manner of their investigation our jurisprudence does not penalize a defendant for capitalizing upon the People's failure.

In any event, it is rather bold to suggest that the *only* factor influencing the People's consent to the plea was petitioner's claimed trauma in Vietnam. The fact that petitioner weaved such a tale is, in and of itself, indicative of petitioner's insanity.

A judgment of acquittal whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.

*United States v. Scott, supra,* 437 U.S., at 91, 98 S.Ct. at 2194.

The essence of this case is that the People were permitted to appeal a verdict in defendant's favor based upon "newly discovered evidence." The prosecution has no such liberty under the United States Constitution. When called upon to proffer its case, the People must be prepared; if the People are not prepared, our system countenances the apparent windfall to the defendant.

*Burks* necessarily holds that there has been a 'failure of proof' (*Burks* [437 U.S.] at 16 [98 S.Ct. at 2149]), requiring an acquittal when the Government does not submit sufficient evidence to rebut a defendant's essentially factual defense of insanity, though it may otherwise be entitled to have its case submitted to the jury.

The defense of insanity ... arises from "the notion that Congress could not have intended criminal punishment for a defendant who has committed all the elements of a proscribed offense, *'United States v. Russell,* 411 U.S. 423, 435 [93 S.Ct. 1637, 1644, 36 L.Ed.2d 366] (1975) where other facts established to the satisfaction of the trier of fact provided a legally adequate justification for otherwise criminal acts. Such a factual finding *does* 'necessarily establish the criminal defendant's lack of criminal culpability,' *post* at 106 (Brennan, J. dissenting),

---

**2.** The People were not in possession of information establishing the true state of facts for a period of at least one year prior to the plea being accepted, and they did not obtain the military records until two months after the plea was accepted.

under the existing law; the fact that the 'acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles,' *ibid.* affects the accuracy of that determination but does not alter its essential character.

*United States v. Scott, supra,* 437 U.S., at 97, 98 S.Ct. at 2197 (emphasis in original).

Second, the *Serfass* court placed great reliance upon the fact that the petitioner therein "had not waived trial by jury, and of course, a jury trial could not be waived by him without consent of the Government and of the court." *Serfass, supra,* 420 U.S., at 389, 95 S.Ct. at 1063.

CPL 220.15 required Lockett to waive trial by jury. Lockett also waived his Fifth Amendment rights against self-incrimination. Moreover, Lockett admitted to the court that he did, in fact, commit the robberies which resulted in Indictments 46/1981 and 270/1981. The only defense to these charges, other than insanity, was of degree; that is, Lockett denied the use of a weapon in the commission of these robberies.

Most disturbing to this court is the impression given by the District Attorney, at the hearing on this application, that the People would use Lockett's admission to having committed the robberies, at the plea hearing, against him at trial. Under such circumstances, a trial of Lockett will be an illusory exercise of due process.

This Court simply does not accept the argument that the plea proceeding and the findings by the court pursuant thereto did not constitute jeopardy.

Furthermore, where a statute provides that an acquittal by reason of mental disease or defect is the equivalent of a verdict, and the defendant is remanded for proceedings to determine whether this defendant should be civilly committed, the defendant has clearly placed his liberty interest in jeopardy.

It is the opinion of this Court that civil commitment cannot be said to be *ipso facto* non-criminal to the extent that it was an admittedly criminal act which led to the initiation of civil commitment proceedings.

## CONCLUSION

The Writ of Habeas Corpus is granted. The People of the State of New York are enjoined from further prosecution of petitioner under Indictments 46/1981 and 270/1981. The People are directed to examine petitioner pursuant to CPL 330.20

SO ORDERED.