Vincent A. Lupiano, J.
In a prior action brought by plaintiff’s assignor against this defendant, a warrant of attachment issued and a levy was made thereunder. Defendant’s application to vacate the warrant was denied by order of February 2, 1960, it being held, among other things, “No personal jurisdiction is claimed to have been acquired, service having been made in the State of Colorado without an order. That service rests on the levy under the warrant of attachment which has been held.” After answer, the plaintiff in that action discovered that its allegation that it was a domestic corporation was inaccurate in that it is a foreign corporation licensed to do business in this State. By ex parte order dated April 11, 1960, the warrant in that action and the levies thereunder were vacated on plaintiff’s application and plaintiff was directed to pay the fees due to the Sheriff. The claim in suit was assigned to the plaintiff in this action by instrument dated April 11,1960, and, upon the basis thereof, this plaintiff assignee commenced this action and secured a warrant of attachment. Defendant now moves for an order pursuant to section 948 of the Civil Practice Act, vacating the warrant of attachment and of levies thereunder, upon the ground that the supporting papers were insufficient to confer jurisdiction in that they failed to set forth facts constituting a cause of action for the recovery of a sum of money only; and further, pursuant to section 237-a of.the Civil Practice Act, for an order setting aside the service of the summons upon the ground that the defendant is a person not subject to the jurisdiction of the court. Before the court there is also a motion made by the plaintiff in the prior action for an order pursuant to rule 301 of the Buies of Civil Practice, granting leave to plaintiff to discontinue that action and canceling and discharging the undertaking on the attachment therein. It is conceded by the defendant that, had it been aware of the fact that the assignor is a foreign corporation, it would have moved for relief pursuant to section 225 of the General Corporation Law.
In support of this application for a vacatur of the warrant in this action, the defendant argues only that there is a prior pending suit on the same causes of action, and this plaintiff has *6 no better standing to assert those canses in a new and independent suit and, further, that the terms of the purported assignment are such that the plaintiff is not the real party in interest.
Apart from any question whether the two actions are between the same parties and upon the same causes, in the light of the fact that the present action is maintained by an assignee, the subsequent assignment does not abate the prior action if it survives or continues (Civ. Prac. Act, § 83). A defense of prior action pending is not restricted in its application to the situation existing at the time of commencement of the second, later action. Nor does it appear that a defense of prior action pending goes to the jurisdictional question where a meritorious claim .exists. In any event, if plaintiff in the prior action can have no relief by reason of the jurisdictional question, which defendant has not waived, and in addition, that prior action is now discontinued, there is no necessary impediment to the maintenance of this action.
There remains the question whether the assignment supports plaintiff’s claim and action. The assignment could not be more general in its grant of right, interest and power. Nor does the Statute of Abatement prevent the plaintiff from suing upon the assignment. So long as plaintiff has legal title, he may sue (Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479).
The motion by the plaintiff in the prior action for leave to discontinue is granted with taxable costs to the defendant, but the application for cancellation of the bond and discharge of the surety is denied.
The motion of the defendant in this action is denied.